ROBERT DORN v. EMILY BEST AND OTHERS.

Under the Act of 1846, (Hart. Dig. Art. 2791,) the proof of an instrument for record, where the witness states that he saw the grantor or person who executed the instrument, subscribe the same, he is not required to show that he signed the same as a witness at the request of the grantor ; and the use of the word "execute" instead of "subscribe" is not material.

Where a party was prevented by sickness from being present at the trial, and his attorneys were ignorant of the cause of his absence, and a new trial is moved for on the ground of such absence, and to afford an opportunity for the introduction of additional evidence, a statement of which is given, it seems not to be

a sufficient answer to such motion, that the additional evidence is merely cumulative.

Appeal from Caldwell.  Action by Mortimer T. Dunham and his wife Bathsheba Dunham, as guardians of Emily Best, John Best and Stephen Best, against the appellant, to annul a deed from Margaret Best, deceased, to the appellant, to recover the land embraced therein, being one thousand acres in Caldwell county.  The plaintiffs claimed by virtue of a deed of gift from the said Margaret Best, dated September 10th, 1851.  The deed which they sought to annul was dated July 18th, 1851, acknowledged by the said Margaret on the same day, and recorded on the 29th of May, 1852.  The plaintiffs alleged that said deed had been delivered by the said Margarent to an agent to be delivered to the defendant on certain terms ; that defendant had refused to accept the deed ; that the said Margaret had thereupon revoked the power of her agent, and demanded the deed, of which the defendant had notice ; and that after she had departed this life, the defendant had obtained said deed from the agent of the said Margaret.  The agent was also made a party defendant.  The defendant claimed the land under the deed, according to its purport ; and in addition thereto, offered in evidence a title bond of the said Margaret, to him, for the same land, dated August 10th, 1850, in pursuance of which he claimed that the deed was made.  This is the bond referred to in the Opinion of the Court.

There was a verdict for the plaintiffs.  Motion for a new trial on the ground of newly discovered evidence, and on the ground that the defendant had been confined by sickness, so that he was unable to attend the trial.  The newly discovered evidence was what is usually denominated cumulative ; but it clearly appeared from the affidavits, that the defendant had been prevented by sickness from being present at the trial. The affidavits of the witnesses were produced.  It also ap-

peared from the affidavit of the defendant's attorney, that they did not known that the defendant was detained at home by sickness, when they went to trial. Motion overruled.

*J. Ireland*, for appellant. We think the certificate was sufficent. When substance is found it is neither the duty nor inclination of Courts to hazard title. (Jackson v. Stanton, 2 Cow. 552, 567; Nanty v. Bailey, 3 Dana, 118; McKeen v. Delaney, 5 Cranch, 32.)

The Court surely erred in refusing a new trial.

*Chandler & Anderson*, for appellees. I. To the 1st assignment of error we reply that the title bond was not authenticated properly, and under the law and the ruling of this Court, it could not be received in evidence. (Hart. Dig. Art. 2781.)

II. A careful review of the grounds upon which defendant based his application for a new trial, will plainly show that these grounds cannot be sustained by law or precedent. No good reason is shown for the absence of the testimony, and throughout the entire application the only reason given why the defendant could not have gone safely to trial, was the fact that he was sick. He had attorneys at the Court, and it does not follow by any means that the sickness of a party is ground for continuance.

LIPSCOMB, J. The most material points presented by the record in this case, and those to which we propose confining our remarks, are, first, the recognition of the bond, or covenant, offered in evidence by the appellant, on the ground that it was not sufficiently authenticated by the Clerk of the County Court of Lavaca county, to admit it to record in the county of Caldwell, which was the *locus in quo* of the land in controversy. The authentication is in the following words, i. e. :

"THE STATE OF TEXAS, ⎫  Before Josiah Dowling, Clerk of
"County of Lavaca.  ⎬  the County Court in and for, &c.,

"This day came and personally appeared Henry Wallace, one "of the subscribing witnesses to the foregoing agreement, or ": instrument of writing, and stated on oath, that Margaret "Best executed the same in his presence, and acknowledged "that she done the same for the purposes therein expressed "and set forth;" which is attested by the Clerk under his official seal.

The manner in which proof shall be made, of any instrument of writing, to admit it to record, is found in Article 2791, Hartley's Digest, i. e. :  " That the proof of any instrument of "writing, for the purpose of being recorded, shall be by one "or more of the subscribing witnesses personally appearing "before some officer authorized to take such proof, and stating "on oath, that he or they saw the grantor, or person who exe-"cuted the instrument, subscribe the same, or that the grantor "or person who executed such instrument of writing acknowl-"edged in his or their presence, that he had subscribed and "executed the same for the purposes and consideration therein "stated, and that he or they had signed the same as witnesses, "at the request of the grantor or person who executed such in-"strument; and the officer taking such proof, shall make a "certificate thereof, sign and seal the same with his official "seal."

It seems to us obvious that the law just cited makes a distinction in the proof, when the subscribing witness is present and sees the instrument signed, subscribed or executed, and when he was not present at the time, and was subsequently called upon to witness the acknowledgment of the party who executed the instrument. In the first, the direction of the character of the proof is made complete, with the words " subscribe the same," in the sixth line, before the introduction of the disjunction, or, which introduces the latter or alternative mode of proof; and in this last, the witness to the acknowledgment must be requested to subscribe his name as a witness by the party acknowledging the same. If this be the true

construction of the Act, on the subject, as the witness was present at the execution of the instrument and subscribed his name as witness, it is not necessary that he should have sworn that he had been requested by the party executing the same, to subscribe his name as a witness; because the law does not require it unless there be a substantial distinction between the words subscribe and execute the same, which we cannot regard as anything more than verbal criticism. The witness states that she executed the same in his presence. Had he said subscribed, it would have been following the language of the law more precisely; but we regard it as substantially the same. If the strict compliance with the letter of the law was exacted, we have no doubt that it would destroy and invalidate thousands of records, long since made and believed to have been in accordance with the law. We believe the authentication of the bond in question was substantially in compliance of the requisition of the first class of proof called for by the law, and that it ought to have been received by the Court below.

The second point that we propose to examine, is, the overruling of the motion for a new trial. The affidavit of the appellant, and those submitted by him in support of his motion for a new trial, disclose important evidence, not used on the trial, and sufficient reason why the party could not safely go to trial without it. A part of it was newly discovered, and a part usual diligence had been employed to procure without success; and it was only necessary to show why a continuance had not been asked upon these grounds; and we think, that this has been sufficiently answered, by the appellant's affidavit that he was confined at home by sickness, and wholly unable to avail himself of this privilege. This is supported by the affidavit of his attending physician. The case, in principle, is not unlike the case of Spencer v. Kinnard, (12 Tex. R. 180.) We believe, therefore, that a new trial ought to have been allowed.

The judgment is reversed and the cause remanded to the Court below, for a new trial.

Reversed and remanded.