[Opinion delivered June 21, 1880.]

---

### R. STINNETT v. T. W. HOUSE.

(Case No. 3913.)

1. CERTIFICATE OF AUTHENTICATION.— A certificate in the following form is a substantial compliance with the statute:

"THE STATE OF TEXAS, Robertson County.

"Personally came and appeared before me, Samuel B. Killough, chief justice, ex officio notary public said county, John J. Loftin, known to me, and, after being duly sworn, saith on oath that Josiah Taylor signed, sealed and delivered the foregoing deed for the purposes therein expressed, and that he signed the above and foregoing deed from Josiah Taylor to Wm. B. Loftin as a subscribing witness at the request of the said Josiah Taylor. All of which I certify under my hand and seal of office at Wheelock, this 11th day of November, 1854.          SAML. B. KILLOUGH,

"Chief Justice and ex officio Notary Public, Robertson Co."
15 Tex., 65.

2. DEED — RECORD OF.— It is sufficient to record a deed with its certificate of authentication, and the clerk need not copy into the record the certificate of record of another county.   47 Tex., 458.

COMMON SOURCE.— Proof that defendant claims title under an heir of plaintiff's grantor is sufficient evidence prima facie of common source to maintain the plaintiff's title against the defendant, if otherwise good.

APPEAL from Erath.   Tried below before the Hon. J. R. Fleming.

This was an action of trespass to try title, filed on the 4th day of November, A. D. 1876, by T. W. House, against Rufus Stinnett, for a portion of the Josiah Taylor survey in Erath county. The defendant pleaded a general demurrer and general denial. A jury was waived and the issue submitted to the court. Plaintiff introduced in evidence a deed from Josiah Taylor to W. B. Loftin, to the land in controversy, dated 13th October, 1854; also a deed from said Loftin to plaintiff dated the —— day of ——, 1866. Plaintiff also introduced in evidence a deed from Wm. Taylor, son of Josiah Taylor, to Rufus Stinnett for the same land, dated —— day of ——, 1875, and closed.

Defendant claimed the land under the last-mentioned deed.

The court gave judgment for the plaintiff, and defendant appealed. The errors assigned are:

1. The deed from Taylor to Loftin was improperly admitted in evidence, it not having been duly recorded nor its execution proved. (The certificate regarded as imperfect authority for registration is set out hereafter.)

2. Said deed was not properly recorded, in that certificates of prior date, indorsed on the deed, of its registration in Robertson and Bosque counties, were not recorded in the records of Erath county. (The certificate of record in Robertson county bore date November 15, 1854, and in Bosque county, May 10, 1855. Both were shown to have been indorsed on the deed, and to have been omitted by the clerk of Erath county in his registration.)

3. In not requiring plaintiff to deraign title from the state. (The plaintiff read a deed from Wm. Taylor, a son of Josiah Taylor, under whom the plaintiff held.)

*Martin & Kennedy*, for appellant.

*Ward & Pendexter*, for appellee.

A. S. WALKER, J.—We are required to pass upon the sufficiency of the proof of a deed under the registration laws certified by the following certificate:

"THE STATE OF TEXAS, *Robertson County.*

"Personally came and appeared before me, Samuel B. Killough, chief justice, *ex officio* notary public said county, John J. Loftin, known to me, and, after being duly sworn, saith, on oath, that Josiah Taylor signed, sealed and delivered the foregoing deed for the purposes therein expressed, and that he signed the above and foregoing deed from Josiah Taylor to Wm. B. Loftin as a subscribing witness at the request of the said Josiah Taylor. All of which I certify under my hand and seal of office at Wheelock, this 11th day of November, 1854.          SAML. B. KILLOUGH,

"Chief Justice and ex officio Notary Public, Robertson Co."

It was admitted that John J. Loftin was a subscribing witness to the deed, and that the deed and authentication had been recorded 13th July, 1876.

Under the statutes *subscribing witnesses* may perform an important part in the execution of deeds. A strict construction of the statute has led eminent members of the legal profession to the opinion that such witnesses are necessary to pass the legal title. Pas. Dig., 1000.

Whatever of aid a deed may have from such witnesses was afforded at the execution of this deed.

The witness John J. Loftin was, in fact, a subscribing witness. His affidavit before the chief justice, Killough, further shows that " *he* (John J. Loftin) signed the foregoing deed from Josiah Taylor to William B. as a subscribing witness at the request of said Josiah Taylor." This testimony necessarily supports: (1) that the deed from Taylor to Loftin was before the witness at his signature in his participation in its execution; (2) that Taylor also was present, and as grantor requested the witness, Loftin, to attest its execution by signing as a witness; and (3) that the witness signed it, thereby attesting its execution by the grantor.

The witness had already stated "that Josiah Taylor signed, sealed and delivered the deed for the purposes therein expressed." This last statement is defective as a compliance with the registration law only in failure to state the means of

the witness' knowledge of the fact, whether from his seeing the grantor sign, or from his acknowledging it. But this statement of the witness, taken in connection with *the facts* detailed by him as already noticed, of his own participation in the execution of the deed, and at request of the grantor, connects the grantor, the witness and the instrument in its execution at its date, so that necessarily the signing, sealing, etc., at the time were in the witness' presence.

The affidavit as a whole means that Loftin, a subscribing witness, was present at the execution of the deed, and after its signature by Taylor, and at his instance signed the same as a witness, and that Taylor signed, sealed and delivered it in the presence of the witness; a substantial compliance with the statute.

In this ruling we do not go beyond the authorities. Dorn *v.* Best, 15 Tex., 65, *held* that a deed was sufficiently proved for record by the affidavit "that the grantor executed the deed in his (the witness') presence, and acknowledged she had done the same for the purposes therein expressed;" the court holding that such proof was satisfied when the witness could show that he saw the grantor subscribe the same. "And as the witness was present at the execution of the instrument and subscribed his name as witness, it was not necessary" further (p. 66).

Deen *v.* Wills, 21 Tex., 645, *held* that such certificates should be liberally construed, and a substantial compliance would be sufficient.

Monroe *v.* Arledge, 23 Tex., 481, *held* that the object to be ascertained from the proof was whether the grantor did execute the deed.

Belcher *v.* Weaver, 46 Tex., 298, *held*, even in the privy acknowledgment of a married woman, a substantial compliance would be sustained, and a literal exactness would not be required.

2. As to the omission of the county (or district) clerk to record the certificate of registration indorsed on the deed by the clerk of Robertson county.

The statute authorizes the registration of deeds, etc., re-

lating to lands where authenticated for record. The record must show the deed and the certificate authorizing such recor d. Upon such registration the deed is duly recorded. Taylor *v.* Harrison, 47 Tex., 458.

The failure of the clerk in copying what else is made his duty will not vitiate the record of the deed. We consider the statute but directory in prescribing what the clerk shall copy into the record books beyond the essential parts of the record, viz., the instrument and the certificate of authentication. The registration of a deed, as in this case, in a county other than where the land affected by it was situated, would in no way affect the rights of any party. As the registration in Robertson county was in law a nullity, the certificate of it would have no greater effect.

3. That the defendant claimed title to the land under an heir of Josiah Taylor, under whom the plaintiff held, was sufficient evidence, *prima facie*, of common source, to maintain the plaintiff's title as against the defendant, if otherwise good.

Finding no error, the judgment below should be affirmed.

AFFIRMED