JAMES E. DOWNS v. W. J. PORTER.

(Case No. 965.)

1. LIMITATION — COLOR OF TITLE.— A bond for title to land, made December 5, 1839, and recorded in 1853, which did not recite a consideration, is not void. The fact that it did not recite a consideration is not necessarily inconsistent with "intrinsic fairness and honesty," and it may constitute a link in a chain of title from and under the sovereignty of the soil. Such a bond may constitute such "color of title" as would sustain the defense, by one in possession of the land, under the three years' statute of limitations.

2. COMMON LAW — STATUTE OF FRAUDS.— In December, 1839, the common law was not in force in Texas, and under the laws then in force it was not necessary to the validity of a contract to convey land, that it should be in writing. Even after the enactment of the statute of frauds it was not necessary that the consideration should be expressed in the deed.

3. CONTRACT — CONSIDERATION.— Though a consideration must be proved when affirmative relief is sought by suit for specific performance, on a bond to convey land, yet this is not required when such a bond is relied on as color of title, under the defense of the three years' statute of limitations.

4. ADVERSE POSSESSION.— However defective title may be under which one in possession claims land, it is nevertheless such color of title as to make the possession adverse.

5. AUTHENTICATION.— A bond for title authenticated in March, 1846, by the affidavit of a subscribing witness, which failed to state that the witness signed the same as such, at the request of the maker of the bond, was not affected by the omission.

APPEAL from Kaufman. Tried below before the Hon. Green J. Clark.

*Manion & Adams*, for appellant.

*J. S. Woods*, for appellee.

BONNER, ASSOCIATE JUSTICE.— This is an action of trespass to try title to certain lands in Kaufman county, instituted September 28, 1877, by appellant Downs, as plaintiff, against appellee Porter, as defendant.

Both parties claim as a common source of title under

patent for one-third of a league of land issued to Mathew F. Sims, dated October 6, 1848. Downs, plaintiff, claimed under deed from Sims to Thomas F. George, dated August 17, 1853, recorded October 28, 1855, to an undivided interest of 500 acres in the third of a league, and under several mesne conveyances to the same undivided interest down to himself.

Porter, defendant, claimed under a bond from Sims to Jacob Albright, dated December 5, 1839, recorded September 30, 1853, to an undivided interest also of 500 acres, with right of selection.

This instrument did not recite a consideration and none was proven on the trial. For these reasons it was objected to in evidence as insufficient to prove title, or as color of title under the three' years' statute of limitation.

The refusal of the court to sustain the objections is assigned as error.

This instrument was authenticated for record March 19, 1846, by the affidavit of one of the subscribing witnesses, that he was present and saw Sims execute the same, for the purposes therein set forth, as his free act and deed.

It is contended by counsel that this was not sufficient to admit the instrument to record.

Porter, defendant, also claimed under mesne conveyances from Albright down to himself, to 250 acres of land, and it was admitted on the trial, that at the commencement of the action he had been in the actual possession of the land four years, six months and twenty-three days.

He pleaded not guilty and the statutes of limitation of three and five years.

On the trial, judgment was rendered for defendant, Porter.

Whether the instrument of date December 5, 1839, from Sims to Albright, was sufficient color of title to support the defense of the statute of limitations of three years in favor of defendant Porter, is the principal ques-

tion in this case, and is presented under the first and second assigned errors.

At the date of its execution the common law had not been adopted in Texas, and by the laws then in force a contract for the sale of land need not necessarily have been in writing. Monroe v. Searcy, 20 Tex., 351.

Even after the enactment of the statute of frauds, it was not required that the consideration should be expressed in the writing. Atkins v. Watson, 12 Tex., 199, Ellett v. Britton, 10 Tex., 208; Bishop on Contracts, §§ 65, 512.

The consideration of a bond for title may be shown by parol. Short v. Price, 17 Tex., 397.

Hence it would follow that a bond for title which does not show affirmatively on its face that it was given for a valuable consideration, is not therefore necessarily void, or voidable even.

Bonds for title are regarded and treated in this state as a species of title to land. They are mentioned *eo nomine* in our statute of registration. Pasch. Dig., art. 4989.

They constitute such equitable title as will support trespass to try title. Miller v. Alexander, 8 Tex., 42; Scarborough v. Arrant, 25 Tex., 129.

The interest conveyed by them to the vendee is subject to voluntary and forced sale.

It has been decided by this court, that as between the vendee and a third party not the vendor, that such bonds are sufficient to support the statute of limitations of three years, whether the consideration may have been paid or not. Elliott v. Mitchell, 47 Tex., 445.

To the same effect is Fain v. Gathright, 5 Ga., 6, approved in Stamper v. Griffin, 12 Ga., 457; Beverly v. Burk, 15 Ga., 73.

In Elliott v. Mitchell the parties claimed under different sources of title. In Fain v. Gathright, as in the case under consideration, they claimed under the same vendor.

If affirmative relief were sought, as by suit for specific performance, then, according to well established rules, a consideration must be proven either by direct evidence or presumption. It is believed, however, that the same strictness should not be required where the bond is only negatively relied on as a color of title under the statute of limitations. Story's Eq. Jur., § 769. As said by Ch. J. Hemphill in Charle v. Saffold, 13 Tex., 109, "No doubt a void deed would not, of itself, be evidence of right in an action of ejectment or trespass to try title. But that is no sufficient reason why, coupled with possession, it should not give title or bar the plaintiff's remedy, but rather the reverse. The fact that it is defective renders necessary the aid of the statute; for, if indefeasibly valid in itself, it would require no extraneous support." The general doctrine on this subject is, that however defective may be the title under which the party in possession claims, it is nevertheless such color of title as to make the possession adverse. Angell on Lim., § 404; Pillow v. Roberts, 13 How., 477; Wright v. Mattison, 18 How., 56; Beverly v. Burk, 9 Ga., 443.

It has been held by this court, that, as to some of our periods of limitation, a void title even will be sufficient. Charle v. Saffold, 13 Tex., 94; Wofford v. McKinna, 23 Tex., 36.

Our statute of limitations of three years provides that color of title under it, is constituted by a consecutive chain of transfer from or under the sovereignty of the soil, down to the party in possession, without being regular; as if one or more of the memorials or muniments be not registered, or not duly registered, or be only in writing, or such like defect as may not extend to, or include, the want of intrinsic fairness and honesty. Pasch. Dig., art. 4622; R. S., art. 3192.

In Pearson v. Burditt, it was decided that a deed voidable for fraud was sufficient to support the limitation of

three years; and further, that "the terms, 'intrinsic fairness and honesty,' embraced in the definition of color of title in our statute, related to the means of proving the right of property in the land, so as to make the title equitably equal to a regular chain." 26 Tex., 157.

As before shown, the instrument under consideration is not void upon its face, but at most voidable only; and the fact that it does not express a consideration, is not necessarily inconsistent with "intrinsic fairness and honesty," and it was a link in a chain of title from and under the sovereignty of the soil.

Great latitude of presumption is allowed in favor of ancient instruments which have been acted upon by the parties claiming under them.

The defendant in this case went into possession under the instrument from Sims to Albright, and remained in the undisturbed possession for nearly five years. The only act of disaffirmance, if this may be so considered, shown on the part of Sims, was that many years after the date of this instrument, and some years after the issuance of the patent, he made the deed to George, for an individual, undefined interest, also of five hundred acres, in his one-third of a league headright.

As the third of a league contained more land than was embraced in the bond to Albright and the deed to George together, both might have been very consistently made, without disparagement the one to the other, except in so far as the first gave the right of selection.

When we consider the uncertainty and confusion incident to the proper mode for the conveyance of land in Texas at that early day, to which patent had not issued, we may reasonably presume that this instrument was intended to transfer, upon a consideration already paid, as full title to the land as could then be conveyed. We are strengthened in this view by the fact that further title was not upon condition of payment of consideration, but upon issuance of patent.

The instrument purported to be under seal. This, by the common law, had it been in force, would have imported a consideration. Under the civil law a seal was not necessary to the validity of an obligation. Cayce v. Curtis, Dallam, 403.

Under the present statute in this state, and which has been in force for many years, a contract, bond or conveyance, even without a seal, imports a consideration as fully and in the same manner as sealed instruments did previously. R. S., arts. 4477-8; Pasch. Dig., art. 5087.

Under all the circumstances, we are of opinion that the instrument from Sims to Albright was sufficient color of title to sustain the plea of the statute of limitations of three years, relied upon by defendant Porter.

The objection that this instrument was not properly authenticated for record, because the subscribing witness was not shown to have signed as such at the request of the grantor, is not, under the statute then in force, well taken. Dorn v. Best, 15 Tex., 65.

The third assigned error is not insisted on in brief of counsel.

The fourth, that the court erred in giving judgment for the defendant for the whole one-third of a league, is rendered immaterial by the subsequent proper judgment entered on the same day, and which we may reasonably presume was intended as a substitute for the first.

Appellee in his brief disclaims holding under the first.

JUDGMENT AFFIRMED.

Chief Justice MOORE dissenting.

[Opinion delivered November 23, 1880.]