### W. S. JONES AND WIFE v. DAN ROBBINS ET AL.

#### No. 2689.

1. **Homestead—Acknowledgment—Case Distinguished.**—A deed conveying the homestead made by one acting under written power of attorney from the husband and wife, which was signed and acknowledged by the wife in the manner required by statute for the conveyance of her interest, passes title. This case distinguished from Jones and Wife v. Goff, 63 Texas, 253.

2. **Case Adhered to.**—Patton v. King, 26 Texas, 686, adhered to.

3. **Homestead—Acknowledgment.**—A power of attorney signed by the husband and wife which purports to confer authority on an agent to sell and convey the homestead, must be authenticated by the certificate of the proper officer showing that the wife was examined privily and apart from her husband, and that the instrument was explained to her. If these statutory requirements are not observed the deed afterwards

made by the attorney is void; following Johnson v. Bryan, 62 Texas, 624; Langton v. Marshall, 59 Texas, 296; and Ruleman v. Pritchett, 56 Texas, 483.

4. **Proof by Subscribing Witness.**—When proof of the execution of a power of attorney is made by a subscribing witness it is not necessary that the affidavit should state that the witness signed at the request of the grantor, when it states "that he (the grantor) signed and acknowledged the said power of attorney in her (the witness's) presence."

5. **Conveyance of Homestead—Power of Attorney.**—A deed made by one acting under power of attorney from husband and wife and properly acknowledged by the husband, which purported to confer authority to sell and convey the homestead, conveys the title if made after the abandonment of the homestead, though it was not acknowledged by the wife as required by law.

APPEAL from Bell. Tried below before Hon. W. A. Blackburn. The opinion states the case.

*John L. Croom, Jr.,* for appellants. — 1. No acknowledgment of a married woman to any conveyance or other instrument purporting to be executed by her shall be taken unless she has had the same shown to her, and then and there fully explained by the officer taking the acknowledgment, on an examination privily and apart from her husband; nor shall he certify to the same unless she thereupon acknowledges to such officer that the same is her act and deed, that she has willingly signed the same, and that she wishes not to retract it. Rev. Stats., arts. 4310, 4313; 58 Texas, 79; 48 Texas, 272; 44 Texas, 611; 41 Texas, 456; 37 Texas, 625; 36 Texas, 687; 30 Texas, 443; 28 Texas, 533; 21 Texas, 596; 31 Texas, 688; 30 Texas, 770; 39 Texas, 201; 26 Texas, 774; 3 Texas Law Rep., 233.

2. The power of attorney in question did not constitute or operate as even constructive notice. Wade on Notice, sec. 112; 50 Texas, 463; Herndon v. Kimball, 7 Ga., 432; Graves v. Gray, 6 Gray, 391; Seeking v. Hebel, 1 Mo. App., 340.

3. The homestead of husband and wife can not be alienated under a power of attorney. The statute makes no provision whatever for the wife to enter into agreements or executory contracts to convey the homestead. The sole and only mode prescribed by the statute is by conveyance in which she joins the husband, and which she acknowledges privily and apart from him. Const., art. 16, sec. 50; Rev. Stats., arts. 548, 552, 560, 4310, 4311, 4313; Jones v. Goff, 63 Texas, 248; 46 Texas, 627; 54 Cal., 496; 7 Mo., 357.

4. Even though the premises in controversy was not the homestead of plaintiffs, and could have been conveyed by the husband only, even then said power of attorney was inadmissible in evidence because the proof of the signature of the husband, W. S. Jones, was insufficient in this, that the witness who proved said signature did not swear (and the officer did not certify) that she signed the same as a witness at the request

of the grantors, or that she signed it at all.   Rev. Stats., arts. 4314, 4316.

5.   A sale of the homestead by the husband without the consent of the wife given in the manner required by law is a nullity.   Rev. Stats., art. 560; Norris v. Duncan, 21 Texas, 596; Hair v. Wood, 58 Texas, 79; Whetstone v. Coffey, 48 Texas, 272; H. & G. N. Ry. v. Winter, 44 Texas, 611; Kirkland v. Little, 41 Texas, 456; Rogers v. Renshaw, 37 Texas, 625; Morrill v. Hopkins, 36 Texas, 687; Moore v. Whitis, 30 Texas, 443; Cross v. Everts, 28 Texas, 533; Sampson v. Williamson, 6 Texas, 102; Berry v. Donley, 26 Texas, 744; Smith v. Elliott, 39 Texas, 210.

6.   A conveyance of the homestead under and by virtue of a power of attorney is a nullity.   The wife must actually join in the conveyance itself.   Const., art. 16, sec. 50; Rev. Stats., art. 560; Jones v. Goff, 63 Texas, 248; Henderson v. Ford, 46 Texas, 627; 54 Cal., 496; 7 Mo., 357.

7.   Where the statute requires a private acknowledgment by a married woman conveying she passes no estate unless she makes the proper acknowledgment, and the officer's certificate is the only evidence permitted of the fact.   Its absence can not be supplied by parol, and a substantial defect in the certificate can not be cured by parol nor reformed in equity.

*Rosborough Bros.* and *Monteith & Furman,* for appellee. —1. The power of attorney from W. S. Jones and wife, Rosa Jones, to Wm. J. Jones was duly proved up in the manner required by law and was competent evidence in the trial of this cause.   Dorn v. Best, 15 Texas, 65; Monroe v. Arledge, 23 Texas, 480.

2.   The appellants are estopped from claiming the land from appellee because he says that appellee purchased from appellants' agents, who had full power to sell and convey, and he had no notice of any private instructions to said agents qualifying their authority, and he paid a full consideration therefor, which was paid to plaintiffs and for their benefit, and which has not been returned or tendered to appellee.

HOBBY, JUDGE.—The title of the appellees to the land in controversy depends exclusively upon the validity of the power of attorney executed by the appellants, husband and wife, on the 29th November, 1883, authorizing W. J. Jones, as their agent and attorney in fact, to sell and convey this land, which then constituted their homestead in Bell county. The proof of the execution of this instrument, as shown by the official certificate, is as follows:

" *The State of Texas, County of Galveston.*—Before me, Wm. R. Johnson, a notary public in and for the above State and county, on this day personally appeared Elizabeth Jones, known to me to be the person

whose name is subscribed as a witness to the within power of attorney, and being by me duly sworn, on oath declares that Wm. S. Jones and Rosa Jones, his wife, signed and acknowledged the said power of attorney in her presence, for the purposes and considerations therein set forth; and that the said Rosa Jones, wife of the said Wm. J. Jones, did so willingly and of her own free will and accord, without fear or compulsion on the part of her husband, W. S. Jones, and for the best interests of herself and children.

    [Signed]                                "Elizabeth Jones.

  "Sworn to and subscribed before me, this 21st day of December, 1883, by said Elizabeth Jones, as witness my hand and official seal.

    [Signed]                                "Wm. R. Johnson,
                              "Notary Public for Galveston Co., Texas."

Pursuant to the power vested in him by this instrument, W. J. Jones, on January 1st, 1884, undertook to convey by deed to the appellee Robbins the homestead of W. S. Jones and his wife Rosa, for the sum of $1000, which sum it appears has been paid to appellants.

One of the propositions urged under the assignments is that the homestead of the husband and wife can not be alienated under a power of attorney. In support of this we are referred to the case of Jones and Wife v. Goff, 63 Texas, 253. In that case the contract to convey consisted of a bond for title executed by both husband and wife, and privily acknowledged as prescribed by law for the conveyance of the homestead, and it was held to be an executory contract for the conveyance of the homestead which our courts could not enforce.

In a later case (Warren v. Jones, 69 Texas, 467), the case of Jones et al. v. Goff was commented upon, and it was said that "the only question in that case was as to the power of the District Court to decree as against a married woman a specific performance of an executory contract for the conveyance of the homestead. In the case of a bond for title it was further stated the wife did not consent to an absolute conveyance, but only to a contract for such conveyance, and that she would be deprived of her right to retract in case the bond should be enforced against her. Not so in reference to a power of attorney."

In Patton v. King, 26 Texas, 686, it was held "that the acknowledgment being for the wife's protection, when that is made to the power of attorney the object of the statute is as effectually attained as if made to her deed of conveyance. The power of attorney when followed by the deed of her agent is treated as the conveyance itself. In a bond for title she has to execute another instrument before the legal title passes from her. The conveyance is not fully made until she acknowledges the deed she has bound herself to execute, and this must be done in accordance with the statute. She must be allowed the privilege of retracting before the deed is made, or the statute is not fulfilled. In case of a power of attor-

ney she has that privilege, and may withdraw her consent at any time before the deed is made by her attorney."

In the cases of Patton v. King, 26 Texas, 686; Cannon v. Boutwell, 53 Texas, 626, and Warren v. Jones, *supra,* the question was directly before the court as to the validity of the conveyance of the homestead, made under a power of attorney executed and properly acknowledged by the husband and wife, and in these cases such a conveyance was upheld for the reasons given, and which nothing we might say can add to the force of.

It avails nothing to the appellees, however, in the present case that the homestead may be conveyed by virtue of a power of attorney, acknowledged by the wife in the manner prescribed by the statute, for it is manifest from an inspection of the certificate that none of the essential requirements of the wife's acknowledgment have in this case been complied with. It does not appear from the certificate that Mrs. Jones was examined privily and apart from her husband, nor that the instrument was explained to her by the officer. That such an instrument is absolutely void and could not affect the wife's title to the homestead has been repeatedly decided in this State. Johnson v. Bryan, 62 Texas, 624; Langton v. Marshall, 59 Texas, 296; Ruleman v. Pritchett, 56 Texas, 483.

It is contended in this case that even though the premises in controversy was not the homestead of plaintiffs and could have been conveyed by the husband only, said power of attorney was inadmissible in evidence, because the proof of the signature of the husband, W. S. Jones, was insufficient in this, that the witness who proved said signature did not swear, and the officer did not certify that she signed the same as a witness at the request of the grantors, or that she signed it at all.

The statute, article 4314, regulating the mode of proof by a witness, makes a distinction in those cases where the witness is present and sees the instrument signed, subscribed, or executed, and those when he was not present at the time and was subsequently requested to witness the acknowledgment of the party who executed the instrument. In the former, where the witness is present at the execution and signed as a witness, it is not necessary that he should swear he signed it at the request of the grantor. Dorn v. Best, 15 Texas, 65.

In the case cited a certificate was objected to upon the grounds above stated, and it was similar to the one under consideration, in so far as the proof is made by the witness of the execution of the power of attorney by appellant W. S. Jones, and it was held to be a valid certificate. See also Downs v. Porter, 54 Texas, 59; Sowers v. Peterson, 59 Texas, 216.

We think the authentication of the power of attorney as to the husband W. S. Jones was sufficient. It was not necessary that the witness should have sworn that "she signed at the request of the grantor" when she stated that he "signed and acknowledged the said power of attorney

in her presence." The latter phrase we also believe to be equivalent to the declaration that she saw the party sign it.

Although the power of attorney was void as to the wife, still if the evidence had established the fact that appellants had abandoned their homestead at any time up to the date of the execution of the deed under the power on January 1, 1884, the power being valid as to W. S. Jones, the conveyance by his agent and attorney in fact on that day would have vested the title, as the property in controversy would have become community estate after such abandonment and as such would have been subject to conveyance by him or his duly empowered agent.

Whatever abandonment, if any, it can be said was shown in this case occurred subsequent to the 1st of January, 1884, the date of the deed. The testimony establishes the fact that the property was the homestead of appellants in 1883; that they moved from their home to Harris County in the fall of 1883 for the purpose of placing appellant W. S. Jones under medical treatment. The power of attorney was executed on November 29, 1883, just prior to their departure on a visit to the relatives of the wife in Florida. This visit, it is fully explained by the evidence, was rendered necessary by reason of the physical and mental condition of appellant W. S. Jones. The evidence, which is uncontradicted on this point, shows that their intention was to return to Texas, and this purpose was repeatedly expressed by appellant W. S. Jones during the sojourn in Florida. It is not made to appear at what time they arrived in the latter State, but it is quite clear that the visit was intended to be temporary. Such is appellants' explanation of their sojourn in Florida, and its cause.

What purports to be the evidence of their abandonment, and by virtue of which the appellee's claim through the husband W. S. Jones, under the deed of January 1, 1884, consists of the testimony of the clerk of the Circuit Court of Escambia County, Florida, who was the custodian of the list of registered voters in that county. He states that the name of one W. S. Jones appears on that list as having been registered October 9, 1884; that under the law of that State a voter was required to reside one year in the State and six months in the county, but he is not required to declare his intention to permanently reside in the State and county. This witness had no knowledge as to whether the residence of Jones was temporary or permanent. This is followed by the evidence of the assessor of taxes of the same county, who also testifies that he does not know whether the residence of Jones in Florida was temporary or permanent. He thinks they have resided there about three years; that in 1885 W. S. Jones rendered a tract of land which he occupied. In 1886 he rendered land as agent for one W. C. Jones. Does not know whether W. S. Jones owned the land he rendered in 1885.

If the registration of the appellant Jones can be regarded as an evi-

dence of his intention to abandon his home in Texas and become a citizen of and reside permanently in Florida, it is quite clear that this did not occur until October 9, 1884, more than nine months after the acquisition of title by the appellees under the power of attorney. There is no proof of the acquisition of another homestead.

In view of the uncontradicted testimony of appellants explaining the cause of their visit to and sojourn in Florida, and their expressed intention to return repeated subsequent to their arrival in that State, can it be said that the testimony of the clerk and assessor of Escambia County, Florida, to the effect that one W. S. Jones resided there—but whether permanently or temporarily they could not say—is sufficient evidence of the fact of the abandonment of the homestead by appellants.

There being in this case no proof of abandonment of the homestead by the appellants on or before the 1st of January, 1884, the date of the execution of the deed under power of attorney, and that deed, constituting appellees' title, being under a power of attorney void as to the wife, the judgment should not have been for the appellees.

We think the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted October 29, 1889.