## J. G. WILLIAMS v. G. K. CESSNA ET AL.

Decided May 29, 1906.

**1.—Deed—Registration—Certificate.**

Following the record of a deed and the certificate of acknowledgment on a deed record book was the following certificate: "I hereby certify that the above and foregoing is a true and correct copy of the original deed from Sarah Davis, administratrix, and Isaac H. Roberts, administrator of the estate of W. P. Davis, deceased, to G. W. Grant, that the same was presented for registration on the 15th day of September, A. D. 1848, at 10 o'clock a. m., and duly registered this day at 9 o'clock a. m." Held, to mean that the original deed, and not a copy of the same, was copied by the officer into the record book.

**2.—Affidavit of Loss—Sufficient.**

An affidavit of loss of a deed correctly described the lost deed by giving the names of the two grantors, the name of the grantee, the date, the number of acres conveyed and the location of the land, except that the initials of one of the grantors were stated to be J. H. instead of I. H. Held, an immaterial variance.

**3.—Proof of Deed for Registration—Statute of 1846 Construed—Cases Reviewed.**

Under the statute of 1846 it was not necessary that a subscribing witness to a deed, in proving the same for registration, should make oath that he signed the same as a witness at the request of the grantor. The cases of Dorn v. Best, 15 Texas, 62; Downs v. Porter, 54 Texas, 64; Jones v. Robbins, 74 Texas, 615; Cox v. Rust, 29 S. W. Rep., 808; Deen v. Wills, 21 Texas, 642, and Sowers v. Peterson, 59 Texas, 220, reviewed.

**4.—Administrator's Deed—Proof of Authority—Ancient Instrument—Recitals.**

An administrator's deed, more than thirty years old, contained a recital that the sale of the land thereby conveyed was made by order of the Probate Court having jurisdiction of the estate; the deed and probate records of the county were subsequently destroyed by fire; it was shown by the undisputed testimony of a son of the decedents that the grantors in said deed administered the estate under the Probate Court of said county; that the grantee in said deed purchased the land in controversy, through said administration proceedings and continuously and notoriously claimed it thereafter. Held, sufficient to show the authority of the administrator to sell the land. Under the statute in force in 1845 no confirmation of the sale was required. The records being destroyed, the recitals in the ancient deed were sufficient in themselves to show that the sale was made under the orders of the Probate Court.

**5.—Certificate of Acknowledgment—Officer.**

The caption of a certificate of acknowledgment was, "State of Texas, Walker County;" following the name of the officer were the words and letters, "Notary Public, W. C. S. T." Held, the caption and the letters when taken together sufficiently indicate that the officer taking the acknowledgment was a notary public of Walker County, State of Texas.

Error from the District Court of Houston County. Tried below before Hon. John Young Gooch.

*Aldrich & Crook,* for plaintiff in error.—The proper recording of a deed before filing and notice is indispensable to its admissibility without proof of execution, and the certificate of proof by a subscribing witness is insufficient unless it states that the witness swears that he was present and saw the grantors sign the same, or that he signed the same at the request of the grantors. Rev. Stats., arts. 4622-4624; Dorn v. Best, 15 Texas, 62; Cox v. Rust, 29 S. W. Rep., 808; Jones v. Robbins, 74 Texas, 615.

Only deeds that have been duly registered are admissible in evidence without proof of execution, and where the certificate of acknowledgment does not show the character of the officer taking the acknowledgment the acknowledgment is defective and the deed is not duly registered. Rev. Stats., arts. 4616-4619; Gulf, C. & S. F. Ry. Co. v. Carter, 5 Texas Civ. App., 675; Coffey v. Hendricks, 66 Texas, 676.

*Nunn & Nunn,* for defendant in error.—All that can be required is that the certificate of the officer shall contain the substance of the proof; and if it contains all that is essential to prove the execution of the deed, it must be deemed a substantial compliance with the requirement of the statute, and it is not essential to the proof of the due execution of the instrument, that the witness should depose to the fact of his having signed at the request of the grantor. The presumption is that the subscribing witness did so sign, and the statement would add nothing to the legal effect of the certificate of proof. Deen v. Wills, 21 Texas, 642; Sowers v. Peterson, 59 Texas, 216; Monroe v. Arledge, 23 Texas, 479; Laws of Texas (Gammel, vol. 4, pp. 1437 and 1438).

If it appears with reasonable certainty from the certificate of the officer taking the acknowledgment, or before whom proof is made, endorsed on the deed, the official character of the officer, by appropriate words used, or by letters attached to his name, abbreviating such words, such certificate is sufficient, and the deed entitled to registration. McDonald v. Morgan, 27 Texas, 505; Blythe v. Houston, 46 Texas, 79; Alexander v. Houghton, 86 Texas, 705.

In suit to recover land, after long lapse of time, after the destruction of probate records and papers pertaining to the administration of the estate, and after the death of the administrator, claimed to have been regularly sold under order of court by the administrator, the production of the deed from the administrator made as long as twenty-five years before, containing recitals which, if true, showed the regularity of the sale, it will be presumed that the court and its officers did their duty, and the sale will be upheld. White v. Jones, 67 Texas, 638; Bartley v. Harris, 70 Texas, 183.

After the death of the husband, the wife may convey community property in payment of community debts, and after great lapse of time, presumption that community property was sold in payment of community debts may be indulged. Hilburn v. Harris, 2 Texas Civ. App., 398; Moore v. Wagner, 2 U. C., 531.

If community property be sold by the survivor to pay community debts, the purchaser will be protected. Jones v. Jones, 15 Texas, 146; Burleson v. Burleson, 28 Texas, 418; Wenar v. Stenzel, 48 Texas, 488; Wilson v. Helms, 59 Texas, 682.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title to a tract of 307 4-10 acres of land on the Wm. P. Davis league in Houston County brought by defendant in error G. K. Cessna, against D. J. Jones. Plaintiff in error, who had sold the land to Jones, was vouched in on his warranty.

The trial court instructed the jury to find a verdict for plaintiff against Jones and in favor of Jones against plaintiff in error for the amount

paid by him for the land with interest. The verdict was returned as directed and judgment was rendered in accordance therewith.

The first assignment of error is as follows: "The court erred in admitting in evidence, over the objection of defendants, the instrument purporting to be a certified copy of a deed from Sarah Davis, administratrix, and I. H. Roberts, administrator of the estate of William P. Davis, deceased, to George W. Grant, because said instrument shows upon its face that it is a certified copy of a certified copy and not a certified copy of the original instrument, and hence not admissible under the statute as a recorded instrument; and, second, because no sufficient predicate was laid for its admission as secondary evidence, no sufficient affidavit of the loss of the original instrument having been filed; and, third, because same purports to be the deed of administrators of the estate of William P. Davis, deceased, and no authority of the County Court of Houston County in which the administration was pending is shown for making such sale or making such deed, no order of sale or order of confirmation of sale being shown; and fourth, because the certificate of authentication to said instrument was insufficient in that the subscribing witness by whom it is attempted to prove said deed for record does not swear that he saw the grantors sign the same, or that they signed the same in his presence, or that he signed the same as a witness at the request of grantors."

The third assignment complains of the action of the court in not submitting to the jury the issue of whether the administrators of the estate of Wm. P. Davis had authority to make the sale and conveyance to Grant.

The trial judge did not err in overruling the objections to the introduction of this deed in evidence. The record shows that the deed and probate records of Houston County were all destroyed by fire in 1865 and again in 1882. The certified copy introduced in evidence was made in 1861 by O. C. Aldrich, the then county clerk of Houston County. Preceding Aldrich's certificate and immediately following the certificate of acknowledgment is the following certificate:

"I hereby certify that the above and foregoing is a true and correct copy of the original deed from Sarah Davis, administratrix, and Isaac H. Roberts, administrator of the estate of W. P. Davis, deceased, to G. W. Grant, that the same was presented for registration on the 15th day of September, A. D. 1848, at 10 o'clock a. m. and duly registered this day at 9 o'clock a. m.

"In testimony whereof I hereunto subscribe my signature officially at Crockett this 21st day of September, 1848.

J. H. Gillespie, Clk. Co. Ct. H. Co.

By James M. Hall, Deputy."

The acknowledgment was taken by Gillespie on September 15, 1848. We think it clear that the certificate made by Gillespie, as above set out, should not be construed to mean that the instrument recorded in the deed records of Houston County was a copy of the original deed, but that the record made by the officer upon the pages of the record book was a true copy of the original deed, or in other words, that the original deed was truly copied in the record. The officer was not required

to enter a certificate of this kind upon his record, but such entry could not in any way affect the validity of the record. There was no authority for the record of a copy of a deed, and if the language of the certificate could be construed to mean that such copy had been recorded that is certainly not its necessary construction, and the language being ambiguous that interpretation should be given it which would make the act of the officer lawful.

The affidavit of the loss of the original deed described it as the deed of "Sarah Davis, Administratrix, and J. H. Roberts, Administrator of the estate of Wm. P. Davis, deceased" to G. W. Grant. The date of the deed and the number of acres and location of the land conveyed is also stated. The copy of the deed introduced in evidence was in all respects identical with the deed described in the affidavit except that the initials of the administrator Roberts are "I. H." instead of "J. H." This, we think, was an immaterial variance clearly due to a clerical mistake, and plaintiff in error could not have been misled as to what deed defendant in error claimed he could not procure and intended to supply by certified copy.

The certificate of the officer before whom the deed was proven for record is in the following language:

"The State of Texas,  
   Houston County.

"This day personally appeared before me the undersigned authority, James S. Cartwright, to me well known, and acknowledged that he signed the above and foregoing deed as a witness at the request of the grantors and being duly sworn upon oath says that Sarah Davis and I. H. Roberts whose signatures and seals appear to the same as administratrix and administrator of the estate of Wm. P. Davis, deceased, acknowledged in his presence that they each signed, sealed and executed the said deed for the purposes and considerations therein stated."

The objection urged by plaintiff in error to this certificate is that it does not appear therefrom that the subscribing witness made oath that he signed the deed as a witness at the request of the grantors.

The statute of 1846, which was in force at the time the deed was proven for record, provides "that proof of any instrument of writing for the purpose of being recorded, shall be by one or more of the subscribing witnesses personally appearing before some officer authorized to take such proof, and stating on oath that he or they saw the grantor, or person executing the instrument, sign the same, or that the grantor or the person who executed such instrument of writing acknowledged in his or their presence that he had subscribed and executed the same for the purposes and consideration therein stated, and that he or they had signed the same as witnesses at the request of the grantor or person who executed such instrument."

If this statute be literally construed it would seem to require that the witness by whom the execution of an instrument is proven must swear that he signed the instrument as a subscribing witness at the request of the grantor. In the case of Dorn v. Best, 15 Texas, 62, it was held that when the witness swore that he saw the grantor execute the instrument he was not required to further swear that he signed it as a

witness at the request of the grantor, proof of such request being only necessary when the instrument was not executed in the presence of the witness, but acknowledged before him by the grantor. We can see no room for this distinction. The law requires that before a deed or other written instrument required or permitted to be recorded shall be admitted to record its execution must be proven by the acknowledgment of the grantor made before an officer authorized to take same, or by the sworn statement of a subscribing witness that he saw the grantor execute the instrument or that the grantor acknowledged to him that he executed it for the purposes and consideration therein expressed. It is just as necessary that the subscribing witness who sees the deed executed should be requested by the grantor to subscribe to it as that such request should be made of the witness before whom the grantor acknowledges its execution, and in neither case can the proof be made by a volunteer.

If we can indulge the presumption that the subscribing witness who swears that he saw the grantor execute the deed signed the deed as such witness at the request of the grantor, we should indulge the same presumption as to the subscribing witness who swears that the grantor acknowledged before him that he executed the deed. In the case cited the court was not called upon to pass on the question of whether a certificate which fails to show that a subscribing witness who swore that the grantor in such instrument acknowledges its execution also swore that he signed the instrument as a witness at the grantor's request was sufficient proof of the execution of such instrument and therefore the opinion expressed upon that question was *obiter*.

In the case of Deen v. Wills, 21 Texas, 642, it was held that as the statute did not prescribe the form of the certificate it was not essential to the validity of the registration of a deed proven for record by a subscribing witness, that the certificate should state that the witness signed as such at the request of the grantor. In that case the court say: "All that can be required is that the certificate shall contain the substance of the proof; and if it contains all that is essential to prove the due execution of the deed it must be deemed a substantial compliance with the statute. It is not necessary to the proof of the due execution of the instrument that the witness should depose to the fact of his having signed at the request of the grantor. The presumption is that the subscribing witness did so sign and the statement would add nothing to the legal effect of the certificate or proof." The case does not refer to the case of Dorn v. Best, but seems to be in direct conflict with the portion of the opinion in that case holding that when the proof is made by a subscribing witness who did not see the deed executed the certificate must show that such witness swore that he subscribed the deed at the request of the grantor.

The cases of Downs v. Porter, 54 Texas, 64, and Jones v. Robbins, 74 Texas, 615, both hold, under authority of Dorn v. Best, that when the proof is made by a witness who saw the deed executed that it is not essential that the certificate should show that the witness subscribed the deed at the grantor's request.

In Cox v. Rust, 29 S. W. Rep., 808, the Court of Civil Appeals for the Fourth District decided that when the deed was proven by a subscrib-

ing witness who was not present at its execution, the certificate must state that the witness swore that he subscribed the deed at the request of the grantor. In support of this decision the court cites the cases of Dorn v. Best, Downs v. Porter, and Jones v. Robbins, *supra,* and Sowers v. Peterson, 59 Texas, 220.

As we have before stated, in none of the three cases first cited was the point up for decision, the question before the court in those cases being as to the validity of a certificate which stated that the subscribing witness swore that he saw the grantor execute the deed, but failed to state that such witness swore that he subscribed the deed at the request of the grantor.

While both the Downs and Jones cases apparently approve the distinction made in the Dorn case, they are not binding authority because the question was not before the court for decision. The case of Sowers v. Peterson, 59 Texas, 220, follows Deen v. Wills and holds that it is not essential that the certificate should state that the witness who swore that the grantor acknowledged the execution of the deed before him, also swore that he subscribed at the request of the grantor.

From this review of the decisions it appears that there is no authority for holding that the certificate in this case is insufficient under the statute of 1846, which was in force at the time it was made. If it was an open question the writer would construe the statute as requiring the witness to swear as an essential part of the proof of the due execution of the deed, that he was requested by the grantor to witness its execution, or if it was acknowledged before him by the grantor, that he was requested to sign the deed as a witness at the time it was so acknowledged. If this is an essential part of the proof it must in substance at least be contained in the certificate. We think it clear that under the present statute, article 4624 of the Revised Statutes, the certificate must show that the witness signed at the request of the grantor. The date of the certificate under consideration in the case of Cox v. Rust is not shown in the opinion and it was probably subsequent to the enactment of the present statute. Upon the authority of the cases of Deen v. Wills and Sowers v. Peterson, before cited, we hold that the trial court properly overruled the objection to the certificate.

The deed contains the following recitals: "The Hon. Probate Court for the county of Houston, State aforesaid, at the February term thereof, 1845, did order and decree that the administrators of the estate of Wm. P. Davis, deceased, sell so much of the lands of said estate as would be of value sufficient to liquidate the debts against said estate, and whereas John Blair and G. W. Wilson, duly appointed and sworn to appraise said lands, did appraise lots numbers 5, 6 and 7 to be of the value of —— per acre, amounting to —— dollars, and Whereas, I. H. Roberts, administrator of said estate, after due and legal notice, did, on the 1st day of July, 1845, offer said lots 5, 6 and 7 to the highest bidder at public sale, before the court house door of said county, and whereas George W. Grant at said offering for sale, did bid for said tracts or lots of land the sum of one hundred and thirty-one and 11-100 dollars, it being off the said lands to the said Grant, . . . therefore we, etc."

It was also shown that all of the deeds and probate records of Houston County made prior to 1859 were destroyed by fire in 1865. W. W. Davis,

who is a son of W. P. and Sarah Davis, testified that his father died between the years 1840 and 1845, and that his mother and his brother-in-law, Isaac H. Roberts, administered his father's estate through the Probate Court of Houston County and that said administration was closed before his mother's death, which occurred in 1849; that George W. Grant purchased a portion of the Wm. P. Davis league through said administration proceedings and afterwards claimed it and it was known in the community as the Grant land; that all of the league was sold during said administration except one tract; that the league of land was community property of his father and mother and the sales made by the administrators were made for the purpose of paying community debts. This evidence is undisputed, and is, we think, not only sufficient to show the authority of the administrators of the estate to sell the land, but is conclusive upon that issue, and the trial court did not err in so instructing the jury. The sale of the land was made in 1845, as shown by the recitals in the deed, and under the statute then in force no confirmation of the sale by the Probate Court was required. (Harris v. Brower, 3 Texas Civ. App., 653.) The records of the county having been shown to have been destroyed by fire the recitals in the deed, which was an ancient instrument, were sufficient in themselves to show that the sale was made under the orders of the Probate Court. (White v. Jones, 67 Texas, 638.)

There is no merit in the second assignment of error which complains of the ruling of the court in not sustaining defendant's objection to the introduction in evidence of a certified copy of a deed from George W. Grant to Jacob Allbright conveying the land in controversy, the ground of the objection being that the certificate of acknowledgment does not purport to have been made by an officer authorized by law to take acknowledgments. This certificate is as follows:

"The State of Texas,⎱
    Walker County.⎰

"Personally came George W. Grant before the undersigned authority, to me personally known, and acknowledged the execution of the foregoing deed of conveyance to be his act and deed for the purpose and consideration therein named.

"To certify which I have hereunto signed my name and affixed my notarial seal this the 10th day of April, A. D. 1856.

                    M. C. Rogers, Notary Public W. C. S. T."

We think the official character of the officer taking the acknowledgment is shown by the certificate. The letters W. C. S. T. after the words notary public, considered in connection with the caption which shows that the acknowledgment was taken and the certificate made in Walker County, Texas, sufficiently indicates that the officer was a notary public of said county and State.

We find no error in the record and the judgment of the court below is affirmed.

                                              *Affirmed.*

Writ of error refused.