Short v. Price.

17   397
80   473

## MICHAEL SHORT v. LARKIN F. PRICE.

Specific performance of an agreement to convey land will not be enforced, unless it be founded upon a valuable consideration. Where the receipt of a valuable consideration is recited in the agreement, its existence would be *prima facie* presumed ; but where it is not expressed in the agreement, or admitted by the pleadings, proof of its existence must be adduced by the plaintiff.

The effect of Art. 710, Hart. Dig., (requiring pleas impeaching the consideration of any instrument or note in writing, under seal, to be supported by affidavit,) or its bearing in this class of cases, has not been discussed. The Article probably has reference only to instruments in which a valuable consideration, general or special, has been expressed ; but, at all events, it is inapplicable in cases where the plaintiff must show a valuable consideration as prequisite to the decree, and where, on principles of equity jurisprudence, the seal imparts no efficacy to the instrument on which the suit is brought.

Its only effect, in such cases, would be, that where a valuable consideration is recited or expressed in the instrument, it could not be impeached by defendant, unless under oath, whereas on general principles of equity, this does not seem to be required.

A bond for title to land, which recites a present sale of one third of the obligor's claim, right, and title to a league and labor of land, (for which the obligor then has a certificate,) conditioned to the effect that the obligor shall make and con-

vey to the obligee, a title to said one third of a league of land, as soon as the ob-
ligor shall have located the same, is an executory contract, which a Court of
Equity will not enforce without proof of a valuable consideration.

Error from Travis.    Tried below before the Hon. Thomas
H. Du Val.

The bond for title was as follows :

Republic of Texas, county of Fayette.    Know all men by
these presents that I, Michael Short, resident citizen of the
town of La Grange, Fayette county, and republic aforesaid,
am held and firmly bound, and, by these presents, do bind my-
self, my heirs and assigns unto John Short, of said county and
republic, in the penal sum of one thousand dollars, to the pay-
ment of which sum well and truly to be made, I bind myself,
my heirs, executors administrators and assigns unto the said
John Short, his heirs or assigns, firmly by these presents.

The condition of this obligation or bond is such, that, where-
as the said Michael Short has this day bargained and sold to
John Short the one third of his claim, right and title to a
league and labor of land, granted to him as citizen of this re-
public and the head of a family, as will more fully appear, ref-
erence being had to his certificate to that effect, granted him
by the Board of Land Commissioners for Brazoria county, un-
der date of 15th of March, 1838, and No. 447.  Now if the said
Michael Short, his heirs or assigns, do well and truly make,
execute, perfect and convey unto the said John Short, his
heirs or assigns, a good and sufficient title to one third of said
league and labor of land, as soon as he, the said Michael Short,
shall have located the same at his, the said Michael Short's
expense, then this bond or obligation to be cancelled and be
come null and void and of no effect ; otherwise to remain in
full full force and virtue.   To the fulfilment of which I hereby
specially pledge my real estate present and future.

In witness whereof I have hereunto caused my name to be
affixed, with a scroll for a seal, not having any private seal of

my own, in presence of subscribing witnesses, on this 24th day of October, 1842.

(Signed)    MICHAEL SHORT.  his X mark    [L. S.]

Attest,

W. C. JENKS.

John Short died in 1847. The land had not then been located. It was patented before suit, but neither the date of the location or patent appeared.

*J. A.* and *R. Green*, for appellant.    It now seems to be the well settled doctrine of the American Courts, that a deed of bargain and sale which recites no consideration, may be proved by parol to have a consideration, but that in default of such recital or proof, the deed only creates a resulting trust in the grantor.    (4 Kent, 465 ; Smith on Contracts, 69.)

But a bond for title is very different with respect to consideration from an executed deed.    A good consideration will support the latter, but will not the former, as fully decided in Boze v. Davis, 14 Tex. R. 331.    It is therefore necessary for the Court to know from evidence either in the contract or out of it, whether the consideration is valuable or merely good, before it will exert its equitable powers to enforce it.    (Willan v. Willan, 16 Vesey 82 ; De Cordova v. Smith, 9 Tex. 129 ; Madeira v. Hopkins, 12 B. Mon. 600.)    And even where a consideration is expressed in the bond, if doubt or suspicion is thrown on it, it must be fully proved. (Mead v. Randolph, 8 Tex. 200.)    A naked agreement to convey will not be enforced in Equity.    ( 1 Leigh. R. 36.)

In a deed it is said that a seal will sometimes of itself import a consideration.    " In Equity, however, where a special rem-" edy is sought in addition to the ordinary one of pecuniary " recompense, a valuable consideration is always requisite, and " no additional force is given to the agreement because it is

"evidenced by an instrument under seal." (Adams on Equity 207.)

We think the above cases, to which many of like import might be added, are decisive of this. There is no consideration in the bond. The terms " I have this day bargained and sold" are not expressive of any consideration. (4 Kent, 465.) The grantee held the bond five years without an attempt to enforce it ; after his death it reposed more than eight years among his papers, when it was fished up by an enterprising administrator *de bonis non*, sold, and bought on speculation by the plaintiff for one tenth of its real value.

*Carter* and *De Normandie*, for appellee. It is unnecessary to remind the Court of the general legal principle that a sealed instrument imports a consideration and dispenses with the necessity of proof, for independent of the legal principles involved, the judgment of the Court below can be sustained upon strictly equitable grounds. It is true that where a party seeks to enforce the specific performance of an agreement, he must show that all the conditions precedent, on his part, have been performed. And a failure to do this would undoubtedly defeat his demand. But the Court will perceive in this case, that there were no conditions imposed upon John Short. Whatever was to be done by him, was done before the execution of the bond. It was therefore an executed and not an executory contract as to him, for nothing was left to his performance before a conveyance, but all the obligations were upon M. Short ; consequently the defence could not avail the defendant.

This case is distinguishable from the cases cited and relied upon by counsel for plaintiff in error. Those cases were decided upon contracts strictly executory in their character, as to both parties, in which the donor or vendor had a right to countermand or revoke the gift, or whatever was granted. Ad-

am's Equity is relied upon by counsel for plaintiff in error, but the references have no application to this case. (Adam's Equity, 79, 80; Marginal pages, and numerous cases there cited.) Equity will aid in enforcing an agreement executed though voluntary; *aliter*, if it be executory. (Read v. Long, 4 Yerger, 68.)

A voluntary deed or bond of chattel interest, will be supported in Equity, without consideration. (1 Johns. Ch. R. 336.) A land warrant or headright certificate is a chattel real.

Under an executory contract for the sale of lands, a vendor and vendee occupy, mutually, and respectively, the relation of trustee toward each other. (Sugden on Vendors, 160 ; 4 Tex. 167, and other cases.)

As to the effect of a seal, it is believed the correct rule is, that at law a seal imports a consideration which cannot be averred against ; that in equity, a want of consideration may be shown by the defendant, but if not shown the seal imports a consideration, and in the absence of all proof on the point, as in this case, it is conclusive.

HEMPHILL, C. J.   Michael Short, the appellant, in the year 1842, executed his bond to convey to John Short one third of his headright league and labor of land so soon as the same should be located.   John Short departed this life in 1847.   In 1855 the bond was sold by an administrator *de bonis non* of the estate of John Short at public sale, and the appellee, Larkin F. Price, having become the purchaser, brought this suit for specific performance, and also for partition of the land patented to Michael Short for his headright, and that the portion due the appellee might be assigned to him in severalty.

There was a decree for performance, and partition according to the prayer of the plaintiff's petition, and the defendant, Michael Short, appealed, and assigns as error :

1. Overruling the demurrer to the petition, and the plea of limitations.

2. Refusing a new trial on the ground stated in the motion, viz : a want of consideration.

From the statement of facts, it appears that the facts alleged in the petition were proven, with the exception of payment of consideration by John Short to Michael Short. There was no proof of any consideration for the bond, outside of the bond itself, which was appended to the petition. The bond recited no consideration. It stated merely that Michael had bargained and sold to John Short the one third of his headright claim to a league and labor of land to be conveyed as soon as located, the location to be at the expense of the vendor. No condition or act was required of the vendee by the bond ; but it does not appear from the bond that he had paid any consideration. The appellant has confined his argument to the second assignment viz : the alleged error in refusing a new trial, notwithstanding the want of proof that consideration had been paid by the vendee.

We will consider no other point than the one discussed by the appellant. The question on the Statute of limitations will therefore be passed without comment. The appellant states it as the well settled doctrine, that a deed of bargain and sale which recites no consideration may be proven by parol to have a consideration, but that in default of such recital or proof, the deed creates only a resulting trust to the grantor, and cites 4 Kent Com. 465 ; Smith on Contracts, 69. See also 2 Story Eq. Jur. sec. 1197, 1199, 1200 ; 9 Foster's N. H. Rep. 129 ; and the appellant insists that if this were a deed, instead of an agreement, equity, without proof of the consideration, would consider the title as resulting to the grantor. Without comment on this proposition, as it is not involved in the case, we will proceed to examine whether equity will enforce an agreement where no valuable consideration is recited or proven to exist. This point admits, in fact, of no discussion or

difference of opinion, as it is believed to be a rule without exception, that Equity will not interfere to enforce an executory contract, unless it be founded on a valuable consideration. This question was examined with some care in the case of Boze v. Davis, 1 Tex. R. 331, and many authorities in support of the principle were cited. (1 Story, Eq. Sec. 433, note (1) ; 2 Story, Eq. Sec. 706, 706 a, 787, 793 a, 973, 987; 6 Ves. 662 ; 18 Ves. 149 ; 1 John. Chan. 336, 337 ; 8 B. Monroe, 566.)

But it may be said that this is a sealed instrument, and that a seal of itself imports a consideration. This may be regarded as established doctrine in Courts of Law, but in Equity, where the suit is not for damages, but for specific execution, no additional force is given the agreement, because it is evidenced by an instrument under seal. (Adams on Equity, p. 78.) A valuable consideration is requisite. Where this is recited, its existence would be *prima facie* presumed ; but where it is not expressed in the agreement, or admitted by the pleadings, proof of its existence must be adduced by the plaintiff.

The effect of Art. 710, Hart. Dig., or its bearing in this class of cases, has not been discussed. The Article probably has reference only to instruments in which a valuable consideration, general or special, has been expressed ; but, at all events, it is inapplicable in cases where the plaintiff must show a valuable consideration as prerequisite to the decree, and where, on principles of Equity jurisprudence, the seal imparts no efficacy to the instrument on which the suit is brought Its only effect, in such cases, would be, that where a valuable consideration is recited or expressed in the instrument, it could not be impeached by defendant, unless under oath, whereas on general principles of Equity, this does not seem to be required.

The appellee has contended in a very ingenious argument, that the rule in relation to valuable consideration is applicable only to contracts strictly executory, where the vendor, for in-

stance, has a right to revoke his grant; but that the contract in this case should be regarded as *executed;* that all the conditions cumbent on John Short, the vendee, had been performed ; and that Michael Short should be regarded as a trustee holding for the benefit of the vendee and his assigns. This is believed to be the substance of the argument. The law in relation to the necessity of valuable consideration is well condensed by Adams on Equity from the authorities, and is shown to be confined, in equity as well as at Law, to promises which rest *in fieri.* If the promise has been executed, whether at Law by the transfer of legal ownership, or in Equity by the creation of a final trust, the consideration on which it is made is immaterial ; that the exact line of demarcation, where the contract ceases to be an executory agreement and becomes a perfected trust in Equity, is often difficult to distinguish. If the donor has perfected his gift in the way which he intended, so that there is nothing left for him to do, and nothing which he has authority to countermand, the donee's right is enforceable as a trust, and the consideration is immaterial, &c., &c. But on the contrary, if the transaction is incomplete, and its final completion is asked in equity, the Court will not interpose to perfect the author's liability, without first inquiring into the origin of the claim, and the nature of the consideration given. (Adams on Equity, 79, 80 ; Edwards v. Jones, 1 Mylne & Craig, 226 ; 4 M. & C. 647 ; 1 Hare, 464 ; 4 Hare, 67.)

Had Michael Short assigned his certificate, or a portion of the land surveyed under it, in such mode as would have enabled John Short to have taken out patent in his own name, the contract would have been so far executed as to have given the vendee a right in equity to the land, without proof of the consideration. The transaction would have, in fact, been complete. The contract would have been executed. There would have been no subsequent act required of the vendor. And had the latter, under this state of the facts, caused the patent to

issue to himself, he would in equity be deemed a trustee, and compelled to transfer the land to his vendee. This is the principle of the decision in the case of Read v. Long, 4 Yerger, 68. It appears from that case, that Long empowered Reed to procure for his, Read's, own use, whatever lands Long might be entitled to for Revolutionary services. Subsequently Long procured the warrant to be issued in his own name, and Long having died, the grant was made to his heirs. Read having sued the heirs, it was decreed that the land should be vested in him. It was held that it was not necessary that Read should prove a consideration ; that there was an absolute transfer of all of Long's right to Read. Nothing remained for Long to perform. No subsequent act by Long was necessary to perfect the transfer ; that the agreement, therefore, was not executory, but executed, and that though the legal title had vested in Long's heirs, yet they held in trust for Read.

But such is not the character of the transfer from Michael to John Short. The sale is of one third of his headright claim, and he covenants to make title as soon as the same should be located. Here the transfer was not complete. Subsequent acts must be done by Michael before complete title could vest in John Short. The object of this suit is to enforce the performance of those acts, and to perfect the transfer. The contract is therefore executory and comes within the rule requiring valuable consideration in all cases where the object of the suit is to enforce the specific execution of agreements.

We are of opinion that there was error in refusing to grant a new trial, and it is ordered that the judgment be reversed, and the cause remanded for new trial.

Reversed and remanded.