## JOHN TUMLINSON'S ADM'R V. JOHN YORK'S ADM'R.

In a proceeding commenced in the County Court, for specific performance of the bond of a deceased person, to convey real property, and carried to the District Court, and thence to this Court, it was held that as the bond, which was made a part of the petition, did not recite any consideration, and there was no allegation in the petition, that a valuable consideration was paid by the vendee, the judgment of the District Court, which was in favor of the plaintiff, must be reversed, although there was no statement of facts.

When the County Court overrules defendant's demurrer, but decides in his favor on the facts, and plaintiff appeals, the case is for trial *de novo*, under the statute, including the demurrer of defendant.

See this case as to limitation of suit for specific performance of contract to convey land.

The recital in a bond to convey land, that the obligor has sold the land to the obligee, is not an acknowledgment that the consideration has been received.

Where a bond to convey land, recited that it was made in place of one of the same character, for the same land, alleged to be lost, it was held that it did not amount to such acknowledgment of consideration, as would entitle the obligee to specific performance without further proof of consideration.

Appeal from De Witt. Tried below before the Hon. Fielding Jones.

Petition of John York's administrator, filed in the County Court on the 9th of December, 1854, alleging the execution of a bond for title to land, by John Tumlinson, in his lifetime, which bond was filed as part of the petition; the death of Tumlinson; administration on his estate in that county; that said title had never been made; prayer for specific performance. Said bond was as follows:—

THE STATE OF TEXAS, *County of De Witt.*

Know all men by these presents that I, John Tumlinson, of said county, am held and firmly bound unto John York, of said county, in the sum of five hundred dollars, good and lawful money of the United States; and for the faithful payment of which I, the said John Tumlinson, bind myself, and each of my heirs, executors, and administrators, jointly and severally, firmly by these presents, unto the aforesaid John York and his heirs and assigns. Given under my hand and seal, this fourth day of

January, in the year eighteen hundred and forty-seven.  The condition of the above obligation is such, that whereas the above bound has sold unto the said John York the undivided one-half of the headright one-fourth of a league of land granted to Harris, situate, lying, and being in the county of Grimes, and bounded on the south by the tract of land which Mr. Roann now lives on; now, therefore, if the above bound shall make, or cause to be made, a good and perfect title to the above described land and premises, in fee simple, to the aforesaid John York, his heirs or assigns, within the term of twelve months, the above obligation shall be null and void, otherwise be and remain in full force and effect in law.    It is expressly understood, that the above bond is given in place of one of the same character, for the same land, to James Cox, and transferred to the said York, which is alleged to be lost or mislaid; and the compliance of the above bond shall make void the one reputed to be lost.    Given under my hand and seal the date above written.

Tumlinson's administrator demurred, and for special ground showed, that it did not appear from the petition, that the title to the land was in the defendant's intestate at the time of his decease; and for answer that the cause of action was stale, and barred by limitation.

Demurrer to petition overruled, and the matter being submitted to the Court, judgment for defendant.    Plaintiff appealed to the District Court, where the case was submitted to the Court upon the same pleadings, and after hearing the evidence, and argument of counsel, judgment for plaintiff.    No statement of facts.

*H. C. Pleasants* and *W. S. Glass*, for appellant.    It is incumbent upon him, who seeks the specific performance of a contract, to show that that contract is founded upon a valuable and an adequate consideration.  (Boze v. Davis, 14 Tex. R. 331; Short v. Price, 17 Id. 397, and authorities therein cited; 2 Story, Sec. 751; Seymour v. Delancey, 6 Johns. Ch. 222.) Specific performance is not a matter of right; and equity will not decree it, until it is shown that the contract is just and fair in all its parts.    Not only is it necessary for the plaintiff to show that the contract is based upon a valuable and an adequate consideration; but he must also show that that consideration has been actually received by him against whom the decree is prayed.    And in a suit upon bond for title to land, no decree

will be made for specific performance, until it is proved that the purchase money has been paid. (Bateman v. Bateman, 16 Tex. R. 341; Short v. Price, 17 Id. 397.) If the plaintiff had offered such proof, in this case, the evidence would have been inadmissible, upon the state of the pleadings. The plaintiff in his petition had made no allegation upon which such evidence would have been admissible.

II. Suits for specific performance are barred by lapse of time. But what length of time will constitute a bar to such suits, seems not definitely determined. Each case must be decided upon its own facts. In Smith v. Hampton, 13 Tex. R. 459, it is said, that in cases where the whole of the purchase money has been paid, ten years must elapse before the bar will be created. Certainly this rule cannot apply to the facts of the case at bar. Again, in the case of Whiteman v. Castlebury, 8 Tex. R. 441, where only a small portion of the purchase money had been paid, and the suit was commenced a little more than four years after the date of the bond, it is declared that the plea of limitation should have been sustained. In the case at bar, the petition was filed nearly seven years after the expiration of the period, in which, by the terms of the bond, title to the land was to have been made. No evidence whatever was offered to prove that the purchase money had been paid, or that any consideration had ever been received for the execution of the bond or writing sued upon.

*W. R. Friend,* for appellee. I. The instrument of writing on which suit was brought, was under seal, which in itself imports a sufficient consideration, though none be expressed. (Bouv. Law Dic. vol. 1, title CONSIDERATION; Chit. on Cont. 5.)

The instrument sued on was made a part of the petition, and no averment of its consideration was necessary. (Van Norman v. Wheeler, 13 Tex. R. 316.)

II. The obligor in the bond recites that he had sold to the obligee the land in the bond mentioned. The contract between the parties, so far as the bargain and sale were concerned, was executed and accomplished; and the obligor held the land in trust for the obligee.

III. If the obligor's acknowledgment, in the bond, that he had sold the land, does not imply a consideration, surely the words in the latter part of the bond: "It is expressly understood that the above bond is given in place of one for the same land to

James Cox and transferred to the said York, which is alleged to be lost or mislaid, and the compliance of the above bond shall make void the one reputed to be lost," shows a consideration sufficient and adequate.

IV. Again: in the Probate Court the appellant was not required to do more than make his complaint, and prove it by exhibiting his title bond. (Hart. Dig. Art. 1162.)

V. That appellee's suit was not barred by lapse of time reference is made to the case of Hemming v. Zimerchitte, 4 Tex. R. 159.

*J. J. Holt*, also, for appellee, in addition to the points made in the brief of Mr. Friend, argued that as there was no statement of facts, the Court could not know that the consideration was not proved.

HEMPHILL, CH. J. This was a suit for specific performance of a bond for title to land. It was commenced in the County Court, where the prayer for performance was refused. On appeal to the District Court, this judgment was reversed, and the cause has been brought by appeal to this Court.

We are of opinion that there was error in the judgment of the District Court. The bond does not recite any consideration. There is no allegation in the petition, that a valuable consideration was paid by the vendee, and although there is no statement of facts, and we cannot ascertain from the record what facts were in proof, yet there being no allegation of the essential fact of valuable consideration, we cannot presume that, in violation of the rules of evidence, such fact was established by proof. The averments and proof must correspond; and this being the rule, we must presume there was no evidence of valuable consideration.

It is a well established rule, that specific performance of an agreement to convey land, will not be enforced, unless founded on a valuable consideration. Where the receipt of such consideration is expressed in the agreement, or bond, its existence would be *prima facie* presumed; but where not so expressed, or admitted by the vendor in the pleadings, it must be established by proof; and being a material fact, it must be averred, that the proof may be admitted. (Boze v. Davis, 14 Tex. R. 331; Short v. Price, 17 Id. 397.) In the latter case, reference was had to Art. 710, of the Digest, and it was held inapplicable to cases where the plaintiff must show a valuable consideration as prerequisite

to the decree, and where, on principles of equity jurisprudence, the seal imparts no efficacy to the instrument on which the suit is brought; that the only effect of the article would, in such cases, be, that where a valuable consideration is expressed in the instrument, it could not be impeached by the defendant, unless under oath; whereas on general principles of equity, this would not be required.

The first error in this case was the overruling, by the County Court, of the demurrer to the petition. This should have been sustained by that Court, and its judgment on the demurrer should have been reversed by the District Court.

The question as to the statute of limitations need not be considered, as on a new trial there may, on proper pleading, be proof of valuable consideration; and if so the point of limitation, under the facts, would not arise.

We are of opinion that there was error in the judgment of the Court below, and that the same be reversed and the cause remanded for a new trial.

Reversed and remanded.