· HATTIE T. BYARS AND HUSBAND V. WELLS THOMPSON AND
R. L. FOARD.

No. 2823.

.1.   **Trust—Limitation.**—Suit against the widow legatee of one to whom it was alleged the lands claimed had been conveyed May 25, 1877, in trust, and that the trust had been recognized by defendants' testator. It was also alleged that no repudiation of the trust had been made by the trustee until a date within two years before suit was filed. ` *Held*, that exceptions that the cause of action accrued more than ten years before suit (August 11, 1888), were not well taken.

2.   **Pleading—Consideration in Specific Performance.**—In a suit for specific performance of a written contract which recited that it was ·executed for a valuable consideration, the instrument being made part of the petition, exception to the petition that it did not set out the consideration of the contract was properly overruled.

3.   **Administrator Acquiring an Interest in Property of the Estate.**—Revised Statutes, article 2083, provides that it shall be unlawful for any executor or administrator to become the purchaser, either directly or indirectly, of any property of the estate sold by him, and if he do so, "upon complaint of any person interested in such estate" the sale may be set aside and declared void by the County Court. Only persons interested· in the estate can complain of the purchase by the administrator of property belonging to it, and that must be done by a direct proceeding.

4.   **Same—Case in Judgment.**—An insolvent estate owned lands which were sold by the administrators to one who would have inherited had there, been a residue after paying the debts. The sale was reported as for cash, and the debts (except of the fifth class) were owned or controlled by the administrators. An agreement was made by which the purchaser was to sell off the land as he could, apply proceeds to taxes and the debts, and to divide the residue with the administrators. The purchaser died before all the lands were sold. His widow repudiated the trust. *Held*, that she was not interested in the estate so as to question the rights acquired by the administrators in their dealings with her husband touching the property he had so purchased. A purchaser holding under the administrators could assert his rights under them—*i. e.*, the administrators could convey such right as they had acquired.

5.   **Administrator Owning Claims.**—It appearing that an administrator had acquired just claims by purchase before he became administrator, it seems he would not be required to enter satisfaction of them upon being reimbursed for his outlay. At least one not interested in the estate could not complain.

· 6.   **Specific Performance.**—See facts where specific performance of a contract was decreed between administrators and a purchaser from them touching lands of the estate administered by them.

APPEAL from Colorado.   Tried below before Hon. R. H. Phelps, Special District Judge.

The opinion gives a statement.

*Harwood & Harwood,* for appellants.—1. The cause of action, if any, accrued more than ten years next before the filing of said suit.   Rev. Stats., art. 3209; Bish. on Con., sec. 1354; Taylor v. Campbell, 59 Texas, 316; Meyer v. Andrews, 70 Texas, 327; Smith v. Fly, 24 Texas, 352.

2.   In suits for the specific performance of contracts to convey land there must be either an actual valuable consideration or what a court of equity considers a meritorious consideration, and the consideration must be set out in the petition in order to make a case in which the court can grant relief.   3 Pome. Eq. Jur., sec. 1293; 3 Pars. on Con., 359 *et seq.;* Adams Eq., 78, and note; Insurance Co. v. Davidge, 51 Texas, 244; Short v. Price, 17 Texas, 398; 1 Chit. Pl., 262; Gould's Pl., sec. 17.

3.   "The proposition is universal that no action arises in equity or at law from an illegal contract; no suit can be maintained for its specific performance, or to recover the property agreed to be sold or delivered, or the money agreed to be paid, or damages for its violation."   And this proposition is true whether the contract be illegal in whole or in part.   Pome. Eq. Jur., sec. 940; Davis v. Sittig, 65 Texas, 500; Ellicott v. Chamberlin, 38 N. J. Eq., 604; 48 Am. Rep., 327; Marshal v. Carson, 38 N. J. Eq., 250; 48 Am. Rep., 319; 1 Pars. on Con., 456; 3 Am. and Eng. Encyc. of Law, 869, 872; Glenn v. Mathews, 44 Texas, 405; Blasdel v. Fowle, 120 Mass., 447.

4.   An agreement whereby the administrators of an estate were to acquire either directly or indirectly an interest in lands which they were selling as the property of said estate is illegal, void, and contrary to public policy, and can not be specifically enforced by any of the parties thereto.   Rev. Stats., art. 2083; Marshall v. Carson, 38 N. J. Eq., 250; 48 Am. Rep., 319; Davone v. Fanning, 2 Johns. Chan. Rep., 251; 3 Am. and Eng. Encyc. of Law, 872; Blasdel v. Fowle, 120 Mass., 447; Pickett v. School District, 25 Wis., 551; Woodworth v. Bennett, 43 N. Y., 273; Atcheson v. Mallon, 43 N. Y., 147; Tatum v. Kelly, 94 Am. Dec., 717; Lord v. Chadborne, 66 Am. Dec., 290; Buck v. Alber, 62 Am. Dec., 564; Dial v. Hair, 18 Ala., 798; Norris v. Norris, 35 Am. Dec., 138; Mill and Lumber Co. v. Hays, 76 Cal., 287.

5.   When a third person is a party to an agreement which has for its object the violation of a statute or is contrary to public policy an executory contract based on such illegal agreement can not be specifically enforced at his instance.   Woodworth v. Bennett, 43 N. Y., 273; Glenn v. Matthews, 44 Texas 400; Ellicott v. Chamberlin, 38 N. J. Eq., 604.

6.   The court erred in failing to sustain the statute of limitations of three, five, and ten years on the one thousand acres of land in Gonzales

County, Texas, and the statute of ten years as applied to the claims of both plaintiff and intervenor for specific performance of the contracts declared on. Rev. Stats., art. 3209; Rev. Stats., chap. 3, title 62; Chamberlin v. Boon, 74 Texas, 659.

*Brown & Dunn,* for appellee Foard.—Only the heirs and creditors of a decedent's estate administered under the statutes of Texas can make complaints against transactions by which the administrator acquires title to or interest in the property of the estate. It is perfectly lawful for an administrator, being the only interested creditor of an insolvent estate, to fairly and honestly acquire the title to the lands of his intestate's estate, in the manner Foard did in this case, with the consent, concurrence, and co-operation of the only heirs to the estate, and for the purpose of getting payment of his lawful claims. Such an arrangement will be regarded by the court as only a settlement between the heir and the creditor who happens to be administrator, and will be set aside only at the suit of another creditor and only when there is actual wrong or prejudice to the rights of the creditor complaining. In such case the administrator's power of sale is coupled with an interest, and he may buy, or have the property bought, to protect his interests; and in any event such sales are not void but only voidable. Rev. Stats., art. 1861, subdiv. 6; Rev. Stats., art. 2083; Rutherford v. Stamper, 60 Texas, 447; Fisher v. Wood, 65 Texas, 199; Perry on Trusts, 180, note 5; Silverthorn v. McKinister, 12 Pa. St., 67.

*M. Kennon,* for appellee Thompson.

ACKER, PRESIDING JUDGE.—John G. Logue died intestate in 1860, leaving a considerable estate in lands and owing a large amount of debts. He left surviving him a widow, and a son and daughter by a former marriage. The daughter died, leaving the son, L. J. Logue, her only heir. R. L. Foard owned, or controlled, all claims against the estate of John G. Logue, except those of the fifth class. He and George McCormick having qualified as administrators *de bonis non,* sold the lands by authority from the Probate Court on the 3d day of April, 1877, to L. J. Logue, for the purpose of paying the debts of the estate. They reported having sold the lands for cash, and the sales were confirmed by the Probate Court on the 21st day of May, 1877, and the administrators ordered to execute deed to the purchaser, which they did on the 25th day of May, 1877, the deed reciting payment of the purchase money. The administrators charged themselves with the amount for which the land was sold and applied the money in payment of the debts against the estate. The lands were purchased by Logue, and the administrators agreed that they would advance the purchase money for him by crediting the amount on the debts of the estate owned or

controlled by them, and that Logue should sell the lands as he had opportunity and apply the money realized therefrom to the payment of the purchase money, interest, taxes, etc., which was to operate as a vendor's lien against the land, and the balance of the proceeds of sales of the land should be equally divided between Foard, McCormick, Thompson, and Logue, but it does not appear that such agreement was made before the sale and confirmation, Thompson having been employed by the other parties to assist in clearing the titles to the lands in consideration of one-fourth interest. In accordance with an understanding and agreement between all parties, Logue executed and delivered the following instrument:

"*The State of Texas, Colorado County.*—Robt. L. Foard and Geo. McCormick, administrators of John G. Logue, on the 25th of May, A. D. 1877, executed and delivered to me a deed for certain lands bought by me at the sale made by said administrators, the lands fully described in said deed. The purchase money for said lands being a lien thereon, it is agreed, for valuable consideration between me and Wells Thompson, that after a sufficiency of said lands are sold to pay said purchase money and all expenses of making said sale, payment of taxes, etc., the lands remaining shall belong to me and the said Thompson in the following proportions, to-wit, one-fourth to me and three-fourths to Thompson; and I bind myself to execute deeds therefor to him with covenants of warranty against myself and those claiming under me. But the purchase money and other expenses must be paid before this is done, as the lands are bound for same in my hands. Witness my hand this the 13th day of June, A. D. 1877.

[Signed]                                        "L. J. LOGUE."

Logue recognized the validity of this contract and acted under it up to his death, in May, 1884, by selling portions of the lands and applying the proceeds as stipulated. Logue left a will appointing his widow Hattie T. independent executrix and making her his sole legatee. She took possession of the estate under the will and became the wife of H. R. Byars in May, 1886. Byars and wife refused to carry out the contract or recognize the rights of Thompson thereunder, and this suit was brought by Thompson against Byars and wife and R. L. Foard, on the 11th day of August, 1888, to enforce performance of the contract. The petition set up the agreement under which the lands were sold and conveyed to Logue and the contract entered into, and alleged that Logue up to the time of his death, and his representatives since, have held the lands and the proceeds thereof in trust for the purpose of paying to defendant Foard the purchase money advanced by him, taxes and expenses, and of conveying to plaintiff three-fourths of the remainder.

Byars and wife answered by general and special exceptions, pleaded want of consideration for the contract sued on, and pleaded the three, five and ten years' statutes of limitation, and other defenses not necessary to be stated here. They also alleged that the estate of John G. Logue had descended by inheritance and will through L. J. Logue to Hattie T. Byars.

Foard answered, setting up the facts and circumstances under which the agreement was made, in pursuance of which the administrator advanced the money to Logue when the lands were conveyed to him. He averred that McCormick had transferred his interest in the contract to him and joined in plaintiff's prayer for performance.

Byars and wife replied to Foard's answer by general and special exceptions, and pleaded the several statutes of limitation as to the petition. The trial, without a jury, resulted in judgment as prayed for by plaintiff and defendant Foard, from which Byars and wife prosecute this appeal.

The first assignment of error is: "The court erred in not sustaining defendants' first special exception to plaintiff's first amended original petition, because it appears from said petition that the cause of action is for the specific performance of a contract for the conveyance of real estate, and that said cause of action, if any, accrued more than ten years next before the filing of said suit."

The petition alleged that the title to the lands was conveyed to Logue in trust for the purposes stated in the contract sued on, and that he and his representatives so held the title. The trust created by the conveyance to Logue, and recognized by his contract with Thompson, was a continuing trust, against which the statute of limitations did not run until there was an open and distinct repudiation of it by the trustee. It was alleged that there was no repudiation of the trust until the fall of 1886, less than two years before the suit was brought. We think there was no error in overruling the first special exception to the petition.

The next assignment of error presented is: "The court erred in not sustaining defendants' third special exception to plaintiff's first original amended petition, for the reason that said petition nowhere alleges or recites the consideration paid by the plaintiff Wells Thompson for the interest claimed by him under the contract which he is endeavoring to have specifically performed."

We do not doubt the correctness of the proposition contended for by appellants under this assignment, that to sustain a suit for specific performance of a contract to convey land there must be either an actual valuable consideration or what a court of equity considers a meritorious one. We understand the assignment, however, to question the sufficiency of the petition because of its alleged failure to aver that Thompson paid a valuable consideration for his interest in the contract. The

contract was made a part of the petition, and recited that it was executed "for valuable consideration." We think this recitation sufficient to support the *prima facie* presumption of the existence of a valuable consideration, and that the court did not err in so holding. Short v. Price, 17 Texas, 397; Tumlinson v. York, 20 Texas, 694.

The next assignment of error is: "The court erred in not sustaining defendants' general demurrer to the answer and plea in intervention filed by the codefendant R. L. Foard, for the reason that said plea in intervention shows that the said R. L. Foard was the duly qualified administrator of the estate of John G. Logue, deceased, at the date of the sale of the lands sued for by him, and that the method pursued was an indirect method of acquiring title to the lands in controversy at his own sales, and that the said contract is not such an one as a court of equity could grant relief in."

Article 2083 of the Revised Statutes provides that it shall be unlawful for any executor or administrator to become the purchaser, either directly or indirectly, of any property of the estate sold by him, and if he does so, "upon the complaint in writing of any person interested in such estate" the sale may be set aside and declared void by the County Court.

No complaint has been made by any one interested in the estate of John G. Logue, nor do appellants claim that the sale was fraudulent, or even that the lands were sold to L. J. Logue for an inadequate price. It has been decided that only persons interested in the estate can complain of the purchase by the administrator of property belonging to it, and that must be done by a direct proceeding. Rutherford v. Stamper, 60 Texas, 447; Fisher v. Wood, 65 Texas, 199. It does not follow from this, however, that a court would enforce a contract made between an administrator and another for the sale of property belonging to an estate when it appeared that the contract was really made for the benefit of the administrator.

It appears that appellants are not interested in the estate of John G. Logue, and they could not therefore, even in a direct proceeding, be heard to complain, and we think the court did not err in the ruling here assigned as error.

The next assignment of error is: "The court having found as facts that the legal title to the land in controversy was in the defendant Hattie T. Byars; that the object and purpose of the contract sued upon was not as appears from its face, but to secure certain moneys to the administrators, and then after the same was paid that it was to be divided between the administrators, the plaintiff Wells Thompson, who was the law partner of one of the administrators, and the defendant; and having further found that the only services ever rendered by the plaintiff were advisory to three other lawyers as to their rights and titles in the prem-

ises, the court erred in its conclusion of law that the plaintiff is entitled to a specific performance of the contracts sued upon."

Foard having advanced the consideration for which the lands were conveyed to Logue, he, with consent of the other parties, had the right to permit Thompson to take an interest in the possible profits in exchange for services which Thompson was to render in perfecting titles to the lands. If correct in our disposition of the last preceding assignment, it would seem that if the court did err in the matters complained of in this assignment, such errors were not prejudicial to the rights of appellants.

The next assignment of error is: "The court erred in failing to sustain the statute of limitations of three, five, and ten years on the one thousand acres of land in Gonzales County, Texas, and the statute of ten years as applied to the claims of both plaintiff and intervenor for specific performance of the contracts declared on."

It appears that there was no distinct repudiation by appellants of the trust with which the lands were charged when the legal title thereto vested in Mrs. Byars until in the fall of 1886, and what we have said in discussing the first assignment disposes of this one.

The next assignment of error is: "The court having found in findings of fact No. 8 that the purchase money for the several tracts sued for was furnished by R. L. Foard, one of the administrators, on the condition that he was to have a lien on said land to secure the same, and on the further condition that each of the administrators were to have a one-fourth interest in the land sold by them, and having found in findings of fact No. 9. that the said purchase money was not paid by him in money but by privileged claims which he had purchased against said estate at a discount, and that said estate was insolvent, erred in its conclusions of law No. 1, that said R. L. Foard is entitled to the sum of $3600 as the purchase money for the several tracts sued for."

The findings of fact do not sustain this entire assignment. In the ninth finding the court states that the claims held and owned by Foard were in his hands before he became administrator, and that many of those owned by him were bought at a discount. It appears that the amount for which the lands were sold was sufficient to pay only the preferred claims and a fraction over sixty-four cents on the dollar of claims which had been allowed and approved within the first twelve months of administration. It is not claimed that any of the debts held by Foard were involved, and if they were we can not see how the rights of appellants could have been affected thereby.

The next assignment of error is: "The court having found as a fact that the estate of John G. Logue was hopelessly insolvent; that he left other heirs besides L. J. Logue, of whom his widow (now Mrs. Cook, still living) is one; that one of the administrators owned or controlled all the preferred claims, which he had purchased at a discount, and

that by the terms of the agreement made and entered into before the sale of the land in suit one of the heirs was to buy in all the lands for the benefit and to be owned jointly, after the purchase price was paid back by the two administrators, Thompson and the said L. J. Logue, erred in concluding that it presented such a contract as a court of equity could specifically enforce and in giving judgment enforcing the same."

Mrs. Cook is not complaining, and appellants do not claim through her and have no right to complain. From what we have said in discussing previous assignments it follows that this assignment can not be sustained.

The only remaining assignment of error is: "The court erred in rendering judgment in favor of R. L. Foard for a specific lien on the several tracts of land purchased by the said L. J. Logue at the administrator's sale and directing the sale of said land for the payment of the same."

Mrs. Byars received the lands from her deceased husband's estate, just as he held them, in trust for the purposes agreed upon before or at the time he received the legal title. The judgment appears to have been rendered in strict compliance with the agreement and understanding of all parties in pursuance of which the lands were sold and conveyed to Logue, and in conformity to and accordance with the rights of the parties as alleged in the pleadings and established by the evidence.

We find no error in the record of which appellants have any right to complain, and are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted March 27, 1891.

*Harwood & Harwood,* for appellants, argued a motion for rehearing.

Motion was transferred to Austin and there refused.