## RANDELL v. ROBINSON.

(Court of Civil Appeals of Texas. Texarkana. April 18, 1912.)

1. VENDOR AND PURCHASER (§ 54*)—TITLE OF PLAINTIFF—EVIDENCE.

A plaintiff in trespass to try title may rely on a title under a bond for deed, making no mention of a consideration, and without proving any consideration for a conveyance, as against a defendant in possession, who does not show any title nor right to possession, but who is a mere trespasser.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 85; Dec. Dig. § 54.*]

2. TRUSTS (§ 103*) — RESULTING TRUSTS — PURCHASER AT EXECUTION SALE.

An attorney of a judgment creditor, who purchases the debtor's real estate at an execution sale, holds the title under a resulting trust for the judgment creditor, who may treat the purchase as one made for him, and a conveyance by him to a third person passes title.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 154; Dec. Dig. § 103.*]

3. JUDGMENT (§ 712*)—CONCLUSIVENESS—TITLE OF PLAINTIFF—RECITALS IN JUDGMENT.

A plaintiff in trespass to try title, who claims title under a judgment in partition, reciting the death of a former owner, who was not a common source of title, may not rely on the recital as proof of the owner's death as against defendant, who was a stranger to the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1233; Dec. Dig. § 712;* Trespass to Try Title, Cent. Dig. § 58.]

Appeal from District Court, Lamar County; T. D. Montrose, Judge.

Action by P. M. Robinson against T. L. Randell. From a judgment for plaintiff, defendant appeals. Reversed, and remanded for new trial.

Burdett & Connor, of Paris, Tex., for appellant. Wright & Patrick, of Paris, Tex., for appellee.

WILLSON, C. J. The suit was by appellee against appellant to try the title to 26 acres of the Abner Neathery survey in Lamar county. The petition contained the allegations usually made in suits of trespass to try title. Appellant in his answer disclaimed as to a part of the 26 acres, pleaded not guilty as to the remainder thereof, and set up title in himself by virtue of the statute of limitations of 10 years. The trial was before the court without a jury. As evidence of his title to the land, appellee relied upon the following: (1) Patent, dated April 10, 1858, from the state to Abner Neathery; (2) bond of Abner Neathery and his wife,

Louisa, dated July 6, 1847, to make title to Margaret Stewart; (3) bond of Margaret Stewart, dated December 2, 1847, to. make title to F. W. Ross; (4) judgment of district court of Lamar county, rendered April 19, 1850, in favor of Margaret Stewart, against F. W. Ross, for $135.73 and costs; (5) execution issued on said judgment June 6, 1850, and sheriff's return ·thereon showing levy on the land in controversy October 1, 1850, and sale thereof November 5, 1850, to W. N. Peacock as the highest bidder at the sale; (6) receipt of W. N. Peacock, attorney for Margaret Stewart, dated November 5, 1850, showing payment in full of said execution; (7) deed, dated December 3, 1857, conveying the land from Margaret Stewart to Louis B. Robinson; (8) judgment of the district court of Limestone county, rendered November 5, 1884, purporting to partition property "belonging to the estate of L. B. and Mary Robison [Robinson], deceased." In this judgment the 26 acres in controversy was set apart to appellee. The court found against appellant on his plea of limitation, and from the evidence specified above found that the title passed to Louis B. Robinson, that Louis B. Robinson and his wife died prior to October 29, 1884, that appellee was one of their heirs at law, and as such, and by virtue of the judgment in the partition suit, was the owner of the land in controversy. The court concluded as a matter of law, on the facts found by him, that appellee was entitled to recover the land as prayed for in his petition, and rendered a judgment accordingly.

[1] The bond of Neathery and his wife to Margaret Stewart was filed for record in Lamar county on October 4, 1847. By its terms the undertaking of Neathery and his wife was to "make unto the aforesaid Margaret Stewart a good and valid title unto the above-described tract of land as soon as it can be obtained from the government." No mention was made in the bond of a consideration to Neathery and his wife for their undertaking, nor was any testimony adduced showing a consideration to them for their undertaking. Appellant contends that the bond, therefore, did not operate as a conveyance of any kind of a title to Margaret Stewart, and that in finding it did the trial court erred. Appellee contends that it appeared that appellant was a mere trespasser on the land, and that as against him the court was authorized, in view of the long lapse of time, to presume the payment of a consideration to Neathery and his wife. While appellant was in possession of the land, he did not show any title in himself thereto, nor a right to the possession thereof. Therefore we think he must, as against the owner, be viewed as a mere trespasser on the land. Wright v. Dunn, 73 Tex. 294, 11 S. W. 330.

---

Whether it appeared that appellee was the owner or not depended on the effect which should have been given to the bond and other testimony adduced at the trial. In Downs v. Porter, 54 Tex. 59, Porter claimed under a bond which did not recite a consideration, and none was proven on the trial. For these reasons it was objected to as insufficient to prove title or color of title under the three-year statute of limitations. The Supreme Court held that the consideration of a bond for title might be shown by parol, and therefore that such a bond was not "necessarily void, or voidable even," because it did "not show on its face that it was given for a valuable consideration," and that the bond was sufficient as color of title. If such a bond is not void, then it seems to us that, in a controversy between others than the parties to it, or their privies, it should be treated as valid. Such seems to have been the view of the Supreme Court in Hooper v. Hall, 30 Tex. 158, where it was said: "If the suit was being prosecuted against any one holding in privity with Amy Dunman, it would be necessary, unquestionably, for the plaintiff to show a compliance with the conditions of the bond to justify a recovery. But this is not the rule when the suit is against a naked trespasser or stranger to the title. Such party may be ejected by either the vendor or vendee. If there are matters of dispute or unadjusted equities between them, he has no interest in them, and cannot bring them into controversy. Either party may recover the land from him, and such recovery will inure to the benefit of that one who may be entitled to it upon an adjustment between themselves of their respective equities." It is of no importance, in this view of the question, which we think is the correct one, whether a plaintiff, asserting title under such a bond, ever had possession of the land or not. The bond, as against a mere trespasser, would be sufficient evidence of a right in the plaintiff to possession.

[2] Margaret Stewart having by her bond conveyed the land to F. W. Ross, it is insisted that she had no title to convey to Louis B. Robinson, and that the court erred in holding that the effect of her deed to said Robinson was to pass the title to him. It appeared that after Magaret Stewart made the bond to Ross she recovered a judgment against him, and had the land levied on and sold by virtue of an execution issued on that judgment. It further appeared that W. N. Peacock, the purchaser at that sale, as her attorney represented her in procuring and enforcing the judgment she obtained against Ross, and that the sale to him was for $24.80, whereas the judgment in favor of his client was for $135.73 and costs. "It is well settled," said Judge Brown in Douglass v. Blount, 95 Tex. 378, 67 S. W. 488, 58 L. R. A. 699, "that an attorney cannot, for himself, buy property exposed to sale by process under his control without the consent of his client, unless he bids sufficient amount to discharge the judgment debt." In such a case a resulting trust arises in favor of the client, and he may, if he elects to do so when advised of the facts, treat the purchase as one made for him. Malone's Committee .v. Lebus (Ky.) 96 S. W. 520; 3 Am. & Eng. Ency. Law (2d Ed.) p. 340, and authorities there cited. The circumstances stated, we think, were sufficient to support the finding of the trial court that the purchase by Peacock was for his client.

[3] The recital in the report of the commissioners to make the partition, embodied in the judgment rendered by the district court of Limestone county, referred to above, that they had been appointed by said court "to partition the horses, cattle, and lands belonging to the estate of L. B. and Mary Robison [Robinson], deceased," was relied on as evidence that said L. B. and Mary Robinson were dead at the date (November 5, 1884) of that judgment; and the fact that, in the partition made, the land in controversy here was allotted to appellee, seems to have been relied on as evidence that L. B. and Mary Robinson died intestate, and that appellee was one of their heirs. No other evidence as to those matters appears in the record. Appellant insists that that evidence was not sufficient to support the finding of the court that L. B. and Mary Robinson were dead, and that appellee took title to the land as their heir. The contention seems to be fully supported by Pratt v. Jones, 64 Tex. 696, and must be sustained by us. There, as stated in the opinion, "the appellee brought trespass to try title to a tract of land patented to Mrs. C. V. Bulkley, and proved a regular chain of title from J. H. and D. D. Atchison down to himself. He claimed that the Atchisons were the heirs at the patentee; but the only proof made of their heirship was by the introduction of a decree of the district court of Grimes county, vesting in them, as heirs of Mrs. Bulkley, an undivided one-half of the land in controversy. Appellant was not a party to that decree, and we cannot see how he is to be bound by its adjudication of the heirship of the Atchisons. The decree contains recitals which indicate the proof of heirship in that case was made by the admission of the parties; but, if it was proved and formally adjudged to be the fact, that fact in this suit cannot be proved by the simple production of that decree. Wharton's Ev. § 823; Freeman on Judgments, 416, 417. Nor does the fact that the court had jurisdiction of the parties and the subject-matter, and by the decree vested in the Atchisons the title to the land, obviate the necessity of the proof of their heirship in this case. Unless Mrs. Bulkley was dead and they were her heirs, her heirs were not before the court, and the decree would pass the title only as against the parties to the suit and privies.

The decree was admissible, but not sufficient, to prove heirship of the Atchisons. There was no proof of common source; and, the appellee having failed to connect himself with the patent to Mrs. Bulkley by sufficient evidence, the judgment in his favor was not sustained by the evidence."

The ruling made in the opinion we have quoted so extensively from seems to have been approved in the later case of Freeman v. Hawkins, 77 Tex. 501, 14 S. W. 364, 19 Am. St. Rep. 769, and is, we think, conclusive of the contention made here, and requires a reversal of the judgment. This accordingly will be done, and the cause will be remanded for a new trial.