RANDELL v. ROBINSON.   (No. 1342.)

(Court of Civil Appeals of Texas.   Texarkana.
Nov. 25, 1914.   On Motion for
Rehearing, Jan. 7, 1915.)

1. TRESPASS TO TRY TITLE (§ 6*)—TITLE OF
PLAINTIFF—SHOWING AGAINST TRESPASSER.

If defendant in trespass to try title is a
naked trespasser, it is enough for plaintiff to
show a bond for title to his grantor, without
showing consideration to support it.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. §§ 5–9, 15, 16; Dec. Dig.
§ 6.*]

2. TRESPASS TO TRY TITLE (§ 38*)—TITLE OF
DEFENDANT—PRESUMPTION   FROM   POSSES-
SION.

The unexplained possession of defendant in
trespass to try title raises a presumption of fee-
simple title, which continues till it is affirm-
atively shown that he has no title, or plaintiff
establishes right to exclusive possession, based
on a legal or equitable title, good as against the
world.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

3. TRESPASS TO TRY TITLE (§ 38*)—TITLE OF
PLAINTIFF — BOND   FOR   TITLE — SHOWING
CONSIDERATION—SEAL.

He having, at best, only an equitable title,
to make a bond for title a muniment of title
for plaintiff in trespass to try title against de-
fendant in possession, not affirmatively shown
to have no title, payment of a valuable consid-
eration must be proved, the bond not reciting
payment, and this though it be under seal.

[Ed. Note.—For other cases, see Trespass to
Try Title, Cent. Dig. § 53; Dec. Dig. § 38.*]

Appeal from District Court, Lamar Coun-
ty; A. P. Dohoney, Judge.

Action by P. M. Robinson against T. L.
Randell.   Judgment for plaintiff, and defend-
ant appeals.   Reversed and remanded for
new trial.

Burdett & Connor, of Paris, for appellant.
Wright & Patrick, of Paris, for appellee.

HODGES, J.   This is an action of tres-
pass to try title by the appellee against the
appellant, to recover a tract of land situated
in Lamar county and described as a part
of the Abner Neathery survey.   The appel-
lant answered, disclaiming as to a portion
of the land sued for and as to the other
pleading not guilty and the statute of limi-
tation of ten years.   In a trial before the
court without a jury a judgment was render-
ed in favor of the appellee, Robinson.

The facts of this case are fully stated in
Randell v. Robinson, 146 S. W. 717, which is
the same case on a former appeal.   The evi-
dence shows that Randell was in possession
of the property to which he pleads not guilty
at the time the suit was filed, and had been
in possession for several years prior to that
date.   His testimony tended to show that he
had held possession for ten years; but we
must assume that the court found against
him on the issue of limitation, in view of
the general judgment rendered.   No question
is raised as to the sufficiency of the evi-
dence to sustain that finding, but the suffi-

ciency of the evidence to support the judg-
ment is attacked upon other grounds.

As a part of his chain of title, the appellee
introduced in evidence a patent from the
state of Texas to Abner Neathery dated
April 10, 1858, also the following bond for
title from Neathery to Mary Stewart:

"State of Texas, County of Hopkins.

"Know all men by these presents, that we, Ab-
ner Neathery and Louisa Neathery, of the coun-
ty of Hopkins and state aforesaid, are held and
firmly bound unto Margaret Stewart, of the
county of Lamar and state aforesaid, in the
penal sum of one thousand dollars good and
lawful money of the United States, for the
faithful payment of which we bind ourselves,
our heirs, executors, and administrators and as-
signs jointly and severally by these presents.
Signed with our hands and sealed with our
seals, using a scroll seal for a seal, this 6th day
of July, A. D. 1847.

"The condition of the above obligation is such
that whereas the above-bounden Abner Neathery
and his wife, Louisa Neathery, have this day
bargained and sold unto the aforesaid Margaret
Stewart three hundred and twenty acres of
land, it being part of the headright of the above-
bound Abner Neathery lying and being in the
county of Lamar and state aforesaid on North
Sulphur, bounded as follows, to wit:   Begin-
ning at an ash bush hackberry marked A. N.
brs. S. 77° E. 87½ vrs.; thence north 320 poles
to stake; thence east 160 poles; thence south
320 poles to stake; thence west 160 poles to
the beginning:

"Now, if the above-bound Abner Neathery and
his wife, Louisa Neathery, shall well and truly
make unto the aforesaid Margaret Stewart a
good and valid title unto the above-described
tract of land as soon as it can be obtained from
the government, then this obligation to be null
and void, otherwise to be and remain in full
force and effect in law and equity."

(These field notes cover 320 acres, including
the land in controversy in this case.)

The appellee then connects himself with
the Stewart title by a series of transfers
which are conceded to be sufficient.   There
was no evidence offered to show that any
consideration was ever paid to Neathery by
Mary Stewart or any one holding under her
for his title bond.

[1–3] On the former appeal of this case
we held, under facts practically the same as
those now before us, that Randell, being a
naked trespasser, had no right to raise the
question as to the payment of that considera-
tion.   The case, however, was reversed upon
other grounds.   The ruling referred to prob-
ably influenced the honorable trial judge in
rendering the judgment he did upon the last
trial.   While adhering to the legal proposi-
tion that a naked trespasser would have no
right to set up the failure to prove consider-
ation to support the bond for title from
Neathery to Mary Stewart, we have conclud-
ed that we were in error in holding that
Randell occupied that status.   Randell's pos-
session unexplained carried with it the pre-
sumption of a fee-simple title.   Watkins v.
Smith, 91 Tex. 589, 45 S. W. 560; Boyd v.
Miller, 22 Tex. Civ. App. 165, 54 S. W. 411;
House v. Reavis, 89 Tex. 629, 35 S. W. 1063;
Keys v. Mason, 44 Tex. 140.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

In the first case cited above. Justice Gaines used this language in referring to possession:

"It is not a rule of property. It is a mere rule of evidence, and is founded upon the principle that, since ownership is a usual concomitant of possession, it is a reasonable prima facie inference that the possessor of property is the owner of such property."

That presumption continues until it is affirmatively shown that defendant has no title, or the plaintiff establishes a right to the exclusive possession, based upon a legal or an equitable title to the property, good as against the world. The bond for title relied on in this case is simply a contract by Neathery and wife to convey the title when it was acquired by them from the state, and was executed about eight years prior to the date of the patent. So far as this record informs us, that contract might or might not have invested the obligee and those claiming under her with an equitable title to the land after Neathery acquired it from the state, depending upon whether or not a valuable consideration had been paid. That the payment of a valuable consideration must be proved where the instrument itself does not recite payment, in order to make such contracts valid muniments of title, enforceable against the obligor or those holding under him has long been the established law in this state. Secrest v. Jones, 21 Tex. 121; Id., 30 Tex. 596; Tumlinson v. York, 20 Tex. 694. In the absence of such payment, or a tender of payment, Neathery, or those claiming under him, had the right to repudiate the contract to convey the title and to transfer the property to another. For aught that appears to the contrary, Randell may have acquired a title emanating from Neathery under just such circumstances. He cannot in this controversy be treated as a trespasser until it is affirmatively shown that he has no title or right of possession. One who seeks to oust a party in possession of real estate must recover upon the strength of his own title, which must make a prima facie showing good as against the world, or a superior title from an established common source. To say that Randell cannot now put Robinson on proof of the payment of a consideration to support the bond for title upon the ground that he is a trespasser is to assume without evidence that Randell has no title and to ignore the presumption of ownership resulting from proof of possession.

The case of Wright et al. v. Dunn, 73 Tex. 294, 11 S. W. 330, was relied on in the former opinion as supporting the proposition of law announced. It is again cited by the appellee as applicable to the facts now before us. A more critical examination of that case has convinced us that it is not applicable. There both parties claimed under one H. L. Kinney. Dunn, the appellee, claimed through a bond for title from Kinney to Edward and James Cody, based upon the consideration of a note for $300 given for the purchase money of the land. Through a transfer and by inheritance all rights under that bond for title were acquired by Dunn. The appellants, Wright and others, claimed under a deed from one of three executors of the will of Kinney. It was held by the court that this executor had no authority to convey, and his deed was not recognized as a valid muniment of title. It further appeared that the note which had been given as the consideration for the bond for title was subsequently transferred by the original holder, and could not be accounted for. The court held that the transfer of the note would have the same effect upon the consideration as payment to the original owner. It will also be observed that the record affirmatively disclosed that Wright and others had no title. In the case now under consideration no such evidence has been adduced as to Randell's rights. We must assume, until the contrary is proven, that he was the legal owner of the land and was entitled to the possession.

In the case of Downs v. Porter, 54 Tex. 59, which is also relied on as supporting the conclusion of the court below, Justice Bonner uses language which intimates the opinion that proof of a consideration is not necessary where the bond for title is under seal, basing that conclusion upon the fact that at that time written instruments under seal imported a consideration. The record in this case does not show the signatures of Neathery and wife, but in the body of the instrument it is recited that seals are used. But the rule seems to be that, where the suit is upon the instrument itself for specific performance, the presumption of a consideration will not be indulged in support of the written contract, although it is under seal. Short v. Price, 17 Tex. 398; Wilson v. Simpson, 68 Tex. 309, 4 S. W. 840. Chief Justice Hemphill in the first case cited says, in discussing the question as to whether or not it was necessary to prove the consideration where the bond for title was under seal:

"But it may be said that this is a sealed instrument, and that a seal of itself imports a consideration. This may be regarded as an established doctrine in courts of law, but in equity, where the suit is not for damages, but for specific execution, no additional force is given to the agreement, because it is evidenced by an instrument under seal. * * * A valuable consideration is requisite. Where this is recited, its existence will be prima facie presumed; but where it is not expressed in the agreement, or admitted by the pleadings, proof of its existence must be adduced by the plaintiff."

It is true that, strictly speaking, this is not an action for specific performance, but one for the recovery of real estate; but under our liberal system of practice such equitable relief may be obtained when the petition is in the ordinary form of trespass to try title. Such suits may be maintained and recovery secured upon proof of an equitable title only, which under the old system of practice must have been prosecuted in a court of equity. This suit is not in principle different from one which Mary Stewart might

have instituted against Neathery upon his failure to convey and deliver possession of the land in controversy after he had secured title from the state. The rights of the parties must be determined by precisely the same rules of law. Robinson holds under Mary Stewart, and has only such rights as she acquired by the contract with Neathery, while presumptively Randell may claim under Neathery and hold such rights as Neathery could convey based upon a failure to pay the consideration. Wilson v. Simpson, 68 Tex. 306, 4 S. W. 840; Neill v. Keese, 5 Tex. 24, 51 Am. Dec. 746; Miller v. Alexander, 8 Tex. 41; Wright v. Thompson, 14 Tex. 559; N. Y. & T. Land Co. v. Hyland, 8 Tex. Civ. App. 601, 28 S. W. 206, and cases there cited.

In Wilson v. Simpson, supra, a bond for title was relied on in support of the claim of one of the parties to the suit. This bond showed upon its face that the consideration had been paid. In discussing the proposition, involving the necessity of proof of the consideration, Justice Gaines said:

"Here, when Payne executed the bond to Harris, he had no land to convey. He had a right to land under the laws of the republic, but as yet had received no certificate as an evidence of that right. The contract seems based upon the idea that the obligor had received a portion of the land, and was entitled to a two-thirds of a league more, and he binds himself to procure a certificate for this amount of land at his own expense and to make title to the obligee. The certificate, however, issued for the whole league and labor. This gave Harris an undivided interest of two-thirds in the certificate. Now, the location having been made and the patent issued in the name of Payne, we think it quite apparent that whatever right the heirs of Harris had in the land was an equitable right, and their sole remedy in a court of equity. The claimants under this bond would have no standing whatever in a court of law, under a system of jurisprudence, where law and equity are administered in separate forums, and they could obtain no relief, even in a court of equity, without proving that the bond was supported by a valuable consideration."

It follows that Robinson, having only an equitable title to the land sued for, would, but for our blended system, have been forced to assert his rights in a court of equity. Had he resorted to such a forum, he would have been compelled to conform to the rule which required him to prove a consideration, notwithstanding the contract which he sought to enforce was under seal. The judgment of the district court will therefore be reversed, and judgment here rendered that the appellee take nothing by his suit for that portion of the land not included in the disclaimers filed by the appellant, and that he pay all costs both of this court and of the court below.

### On Motion for Rehearing.

After inspecting the appellee's motion for a rehearing, we have concluded to remand the case for another trial. The order reversing and rendering judgment in favor of the appellant will be set aside, and the case will be reversed and remanded.